■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIBOR VISZOKAI, Respondent. — Appeal by the People from an order of the County Court, Westchester County (Colabella, J.), entered April 18, 1983, which granted the defendant's motion to dismiss, in the furtherance of justice, an indictment charging him with criminal possession of a weapon in the third degree. Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to the County Court, Westchester County, for further proceedings. An indictment may be dismissed in the furtherance of justice when "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstances clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice" (CPL 210.40, subd 1). CPL 210.40 (subd 1) sets forth the following criteria for the court to consider, in determining whether a "compelling factor" exists: "(a) the seriousness and circumstances of the offense; (b) the extent of harm caused by the offense; (c) the evidence of guilt, whether admissible or inadmissible at trial; (d) the history, character and condition of the defendant; (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; (f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense; (g) the impact of a dismissal upon the confidence of the public in the criminal justice system; (h) the impact of a dismissal on the safety or welfare of the community; (i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; (j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose". In reviewing the record in the instant matter we find that defendant has not shown the existence of any "compelling factor" which would warrant a dismissal of the indictment. Although we are aware that defendant has no prior record and that the first trial ended in a mistrial because of the jury's inability to reach a verdict, those factors are insufficient to justify the dismissal. Further, in view of the fact that the crime charged involved a loaded firearm, the impact of the crime on the public interest weighed heavily against the dismissal. Therefore, we conclude that the trial court abused its discretion by ordering the dismissal in the absence of any showing of compelling circumstances. Accordingly, the indictment must be reinstated and the matter remitted to the County Court, Westchester County, for further proceedings. (See *People v Kirby*, 92 AD2d 848; *People v Andrew*, 78 AD2d 683.) Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.