■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS L. MIRAS, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed September 20, 1983, upon his conviction of attempted criminal possession of stolen property in the first degree, after a plea of guilty, the sentence being a definite term of imprisonment of nine months. ¶ Sentence modified, as a matter of discretion in the interest of justice, by reducing it to an intermittent term of imprisonment of nine months, to be served on consecutive weekends from 8:00 A.M. Saturday until 6:00 P.M. Sunday. As so modified, sentence affirmed, and matter remitted to the Supreme Court, Suffolk County, to specify the first and last dates upon which defendant is to be incarcerated under such sentence in accordance with section 85.00 (subd 4, par [a], cl [iv]), of the Penal Law and for further proceedings pursuant to CPL 460.50 (subd 5). ¶ The sentence was excessive to the extent indicated. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE MOORE, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered September 17, 1982, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence as a second felony offender. ¶ Judgment affirmed. ¶ The evidence at trial was sufficient in both quality and quantity to support the verdict. Issues of credibility were for the jury to resolve and we perceive no basis for overturning the verdict. ¶ Defendant's claim that he is entitled to summary reversal because of the stenographer's delay in transcribing the minutes must be rejected (see *People v Cousart,* 58 NY2d 62). ¶ We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.