■ The People of the State of New York, Appellant, v Thomas Diggs, True Name Yemeriah Yisrael, Respondent.— Order, Supreme Court, New York County (Kenneth Shorter, J.), entered August 22, 1985, setting aside a jury verdict which convicted defendant of robbery in the second degree (Penal Law § 160.10) and dismissing the indictment in the interest of

justice pursuant to CPL 210.40, unanimously reversed, on the law and the facts, the indictment and the verdict reinstated, and the matter remanded to the Supreme Court for sentencing.

Defendant was indicted for robbery in the second degree in connection with a subway mugging on November 27, 1981, at about 1:00 A.M. Ben Zion Tartak, a 21-year-old rabbinical student, was returning to his home in Brooklyn on an IRT subway when he was accosted by defendant and an accomplice in a nearly empty subway car. Defendant's companion proceeded to harangue Tartak and, when he attempted to ignore them, defendant tapped him and, directing Tartak to listen, said, "Hey, my friend is talking to you." After a couple of minutes, the two left but returned a short while later, sandwiching themselves on either side of Tartak. They methodically searched the victim's pants pockets and legs and felt around his socks. During the entire period of time, as Tartak stared at the defendant, the latter told Tartak to "stop staring at me" and punched him in the jaw. Thereafter, defendant took Tartak's light-blue snorkel coat and his accomplice, Tartak's watch. The pair then ran from the subway car when the train pulled into the Chambers Street station, warning Tartak not to follow them. After a few minutes, the victim reported the robbery to the token clerk and then to the police.

Within five minutes after the attack, defendant and two accomplices attempted to rob Frank Ortiz of his money and ring on another train, in a different part of the Chambers Street station. Ortiz was knocked to the floor, punched and kicked. Police officers responded to the scene, apprehending the assailants and recovering a blue ski jacket from defendant and Tartak's watch from one of his accomplices. Defendant was indicted, in connection with the Ortiz incident, for attempted robbery in the second degree and assault in the second degree and, after he was identified in a lineup by Tartak, was separately charged for the crime against Tartak.

On conviction for the Ortiz robbery, defendant was sentenced to 60 days' imprisonment and four years and 10 months' probation. After a separate trial on the Tartak robbery, he was also convicted, but the verdict was set aside and the indictment dismissed. We reversed, reinstated the verdict and remanded the matter for sentencing (106 AD2d 347). Thereafter, the trial court granted defendant's motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.20 (1) (i) and 210.40. In so doing, the court found, in

reliance upon some of the statutory criteria in CPL 210.40, that, although there was strong evidence of guilt, defendant played a lesser role in the attack, serious harm was not done to the complainant and, citing defendant's "constructive" personal history and sincere religious beliefs, concluded that "sentencing this defendant will not aid the State in any way."

We disagree. Applying the several factors enumerated in CPL 210.40, it was error to grant the motion and dismiss the indictment in the interest of justice. An indictment may be dismissed in furtherance of justice when "dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice." (CPL 210.40 [1].) The statute sets forth the various criteria to be considered, "individually and collectively," and requires the court on such a motion to strike a "sensitive balance between the individual and the State" *(People v Clayton,* 41 AD2d 204, 208; *see also, People v Rickert,* 58 NY2d 122, 127; *People v Insignares,* 109 AD2d 221, 231). The fact that a defendant may have had no prior criminal record and an exemplary background, standing alone, is insufficient to justify a dismissal in the interest of justice *(People v Varela,* 106 AD2d 339, 340; *People v Andrew,* 78 AD2d 683).

On review of the entire record, we find that it has not been demonstrated that there are sufficient "compelling" factors to warrant dismissal of the indictment. Under the circumstances presented, neither the statutory criteria nor the reasons relied upon by the trial court amount to compelling factors which clearly demonstrate that defendant's conviction would result in injustice (CPL 210.40 [1]; *People v Rickert, supra).* Plainly, the crime, starting as harassment and developing into a subway robbery, is a serious one and defendant did play an active role by punching the victim and taking his coat. While the trial court found that "the incident arose out of an escalating argument between members of related faiths", the record unmistakably shows that Tartak was subjected to a relentless harangue regarding defendant's religious beliefs, unprovoked and unanswered by Tartak—hardly an escalating argument or one involving religion—and, moments later, he was coldly attacked and robbed. Moreover, within minutes after the assault, defendant and his cohorts attacked another victim, Frank Ortiz, in much the same manner and that attack, too, was not motivated by religious considerations. Although defendant may be a member of the sect, El Shaddai

Yisrael, which claims to be the "true children of Israel", this is no license to assault and rob.

This was a brutal mugging of an unsuspecting victim on the subway, an unfortunate but not infrequent occurrence in this city, during which defendant and his accomplice unnecessarily abused the victim, rummaged through his clothing, assaulted him and stole his property. The real motive was robbery, pure and simple, not a "religious argument" as found by the trial court.

Under the circumstances, we fail to perceive the basis for the trial court's conclusion that, applying the sensitive balance required under CPL 210.40, dismissal of the indictment would not have a negative impact upon the judicial system. Contrary to the court's findings, the public has a right to expect that such attacks will be treated with the degree of severity required under the circumstances in order to ensure the public's safety while using mass transportation.

Moreover, the fact that it is alleged that defendant has satisfactorily complied with the terms of his probation during the past 3½ years, in accordance with the sentence imposed for the subsequent Ortiz assault, is not dispositive *(cf. People v Varela, supra; People v Andrew, supra)*. Nor is it relevant to the issue that, in plea negotiations, defendant had been offered concurrent terms of probation for both crimes, since he refused to enter a negotiated plea and thereafter proceeded to trial.

Considering all of the circumstances, we conclude that the trial court abused its discretion by ordering the dismissal of the indictment and, accordingly, reverse and reinstate the indictment and the verdict and remand the matter to the Supreme Court for sentencing. Concur—Murphy, P. J., Kassal, Ellerin and Wallach, JJ.