■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PRESTON FOSTER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Chetta, J.), dated May 9, 1985, which granted a motion by the defendant to dismiss the indictment in the interest of justice, with leave to the People to resubmit the case to another Grand Jury.

Ordered that the order is reversed, as a matter of discretion, the motion is denied, the indictment is reinstated, and the

matter is remitted to the Supreme Court, Queens County, for further proceedings.

The discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly (CPL 210.40 [1]; *People v Insignares,* 109 AD2d 221, 234; *People v Litman,* 99 AD2d 573, 574) and, upon reviewing the record, we conclude that this case does not present one of those rare instances where dismissal in the interest of justice is warranted *(see, People v Insignares, supra,* at 234; *People v Litman, supra).* The crime for which the defendant was indicted, robbery in the first degree, is clearly serious (CPL 210.40 [1] [a]; *People v Finley,* 1004 AD2d 450, 451, *adhered to on rearg* 107 AD2d 709), and, because the alleged crime involved what appeared to be a gun, the interest of public safety weighed heavily against dismissal (CPL 210.40 [1] [h]; *People v Viszokai,* 99 AD2d 519). Moreover, the defendant's history and character were far from exemplary inasmuch as he had been previously convicted of a felony (CPL 210.40 [1] [d]). In view of these compelling factors, the trial court's doubts as to the strength of the People's case, and its concern as to the possible reluctance of the complaining witness to cooperate with the prosecution, did not warrant dismissal of the indictment. These considerations simply do not "clearly [demonstrate] that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (CPL 210.40 [1]; *People v Finley, supra,* at 451). Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.