■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MORALES, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Richmond County (Kuffner, J.), imposed April 30, 1985, as amended May 1, 1987.

Ordered that the sentence, as amended, is affirmed *(see, People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DILIPKUMAR G. NAIK and FARMACIA MONTROSE, INC., Respondents.—Appeal by the People from an order of the Supreme Court, Kings County (Feldman, J.), dated June 5, 1986, which, *sua sponte,* after a hearing, set aside jury verdicts finding the defendants guilty of deviating from the terms of a prescription (six counts) and dismissed the indictment in the interest of justice pursuant to CPL 210.40.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, the guilty verdicts and the indictment are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

A court's discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly *(see,* CPL 210.40 [1]; *People v Foster,* 127 AD2d 684, *lv denied* 69 NY2d 1004). Such a determination must be predicated "upon a 'sensitive balancing' of the interests of the individual and the State" *(People v Kwok Ming Chan,* 45 AD2d 613, 616). Upon our review of the record we find that the trial court improvidently exercised its discretion in dismissing the indictment primarily based upon its concern that the defendants' conviction might potentially result in the defendants' ineligibility to participate in the Medicaid program *(cf., Schaubman v Blum,* 49 NY2d 375). This focus on potential administrative consequences resulted in an unbalanced view of the respective interests of the State and the defendants. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.