■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL ORTIZ, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated May 23, 1988, which granted the defendant's motion to dismiss the indictment in the interest of justice to the extent of dismissing those counts of the indictment charging the defendant with (1) criminal sale of a controlled substance in the second degree, (2) criminal sale of a controlled substance in the third degree, and (3) criminal possession of a controlled substance in the third degree.

Ordered that the order is reversed, on the law, the motion is denied, those counts of the indictment which were dismissed are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

It is well settled that the discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly *(see,* CPL 210.40 [1]; *People v Foster,* 127 AD2d 684, 685; *see also, People v Rucker,* 144 AD2d 994; *People v Insignares,* 109 AD2d 221, 234; *People v Clayton,* 41 AD2d 204). Moreover, while the granting of relief pursuant to CPL 210.40 is committed to the sound discretion of the trial court, that discretion is not absolute *(see, People v Rucker, supra,* at 994; *People v Schlessel,* 104 AD2d 501, 502). In rendering its determination, the court must engage in a "sensitive balancing of the interests of the individual and the People" *(People v Rickert,* 58 NY2d 122, 127; *People v Schlessel, supra,* at 502; *People v Clayton, supra,* at 204). It has been observed that, "[t]he fact that a defendant may have had no prior criminal record and an exemplary background, standing alone, is insufficient to justify a dismissal in the interest of justice" *(People v Diggs,* 125 AD2d 189, 191; *cf., People v Belkota,* 50 AD2d 118, 122).

Upon our review of the record, we find that the defendant has failed to substantiate his assertion that there exist compelling factors warranting dismissal of the top counts charged in the indictment. It is alleged that the defendant—equipped with an electronic beeper through which an undercover officer contacted him—made two separate narcotics sales—the latter sale involving the exchange of $1,000 for seven eighths of an ounce of cocaine, for which he was ultimately charged with criminal sale of a controlled substance in the second degree, a

class A-II felony. An additional quantity of cocaine was found in the defendant's automobile. Moreover, the report of the agency to which the defendant was referred by the Trial Judge indicated that the defendant had been an alcohol and narcotics abuser since age 14. The foregoing, in conjunction with the defendant's use of an electronic beeper, belies defense counsel's assertion that the defendant was a "dabbler" and an "amateur" in narcotics. Although the defendant has reportedly made progress in a drug rehabilitation center—to which he was admitted only after his motion to dismiss was made—we perceive neither in his personal background nor in the circumstances surrounding the commission of the crime factors which compel the conclusion that prosecution and conviction of the defendant for the crimes of which he was originally indicted "would constitute or result in injustice" (CPL 210.40 [1]). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.