■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY McGRAW, Appellant.—

The defendant's conviction arises out of an incident which occurred on September 1, 1986, when the defendant created a disturbance at a party at his brother-in-law's residence. When two police officers arrived at the scene, the defendant struggled with the officers, causing them to sustain injuries.

On appeal, the defendant argues that he was deprived of a fair trial by the unsolicited testimony of his brother-in-law who stated that the defendant's estranged wife "had called the police before at the residence where both of them used to live". The defendant asserts that since this testimony referred to prior uncharged crimes, it constituted reversible error. We disagree. The record indicates that following the defense counsel's objection to this testimony, the prosecutor immediately cautioned the witness to "stick to the date we are referring to, September 1st", and the court made no ruling on

the objection. Although we agree with the defendant's position that the trial court should have stricken the testimony and provided a curative instruction to the jury (see, People v Young, 48 NY2d 995), even though the defendant did not explicitly request a curative instruction or move for a mistrial, we find that the error was harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

We also reject the defendant's contention that he was deprived of the effective assistance of counsel. It is well settled that the reviewing court must consider the totality of the evidence, the law, and the circumstances of the particular case in determining whether a defendant has been provided with effective assistance of counsel (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Sanchez, 148 AD2d 760). Viewed from this perspective, the record reflects that the defense counsel performed his function in a competent manner.

Additionally, we find the defendant's contention that the indictment should be dismissed pursuant to CPL 210.40 in the interest of justice to be without merit. The discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly (CPL 210.40 [1]; People v Foster, 127 AD2d 684; People v Insignares, 109 AD2d 221; People v Litman, 99 AD2d 573). In view of the circumstances of this case, particularly in view of the serious nature of the crimes charged (CPL 210.40 [1] [a]) and the defendant's two prior felony convictions (CPL 210.40 [1] [d]), dismissal of the indictment is not warranted.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.