■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR DEBIASI, Respondent.—Appeal by the People from an

order of the Supreme Court, Kings County (Slavin, J.), dated November 10, 1988, which granted the defendant's motion pursuant to CPL 210.20 (1) (i) and 210.40 to dismiss indictment No. 6812/87, charging him with criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts) in the interest of justice.

Ordered that the order is reversed, on the law, the motion is denied, indictment No. 6812/87 is reinstated and the matter is remitted to the Supreme Court, Kings County, for further proceedings before another Justice.

It is claimed in the prosecution underlying this appeal that, on two separate occasions, the defendant sold a quantity of so-called "crack cocaine" to an undercover officer. On each occasion, the sale was arranged by contacting the defendant via electronic beeper. Following unsuccessful plea negotiations in which the Supreme Court evidently took an active role, the defendant sought and was granted dismissal in the interest of justice. We reverse.

As we have previously noted (see, e.g., People v Ortiz, 152 AD2d 755), the discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly and its exercise involves a sensitive balancing of the interests of the individual against the competing interests of the public (see, People v Rickert, 58 NY2d 122; People v Clayton, 41 AD2d 204). The facts that the defendant here has no prior criminal record and that, if convicted of the "top" counts of the indictment, his incarceration is legislatively mandated (see, Penal Law § 70.00 [1], [3]; see also, Penal Law §§ 220.16, 220.39) are, standing alone, insufficient to justify dismissal in the interest of justice (cf., People v Ortiz, supra). The record before us fails to demonstrate that, here, the interests of the individual and the State coincide so as to warrant dismissal or that compelling circumstances tip the balance in the defendant's favor (cf., People v Clayton, supra; see also, People v Ortiz, supra; People v Belkota, 50 AD2d 118). The Supreme Court abused its discretion when it granted the defendant's motion. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.