■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY SAUNDERS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated May 5, 1987, which, in the interest of justice, granted that branch of the defendant's motion which was to dismiss the count of the indictment charging assault in the second degree.

Ordered that the order is reversed, on the law and as a matter of discretion, that branch of the motion which was to dismiss the count of the indictment charging assault in the second degree is denied, that count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different Justice.

The defendant claims that the felony charge of assault in the second degree was properly dismissed in the interest of justice pursuant to CPL 210.40 (1) because he was mentally retarded and adjudicated an incapacitated person. We disagree. Once a defendant who is charged with a felony is adjudicated to be an incapacitated person an order of commitment must issue pursuant to CPL 730.50 (1) *(see, Matter of New York City Human Resources Admin. v Carey,* 107 AD2d 625, 627). Furthermore, in view of the specificity of CPL 730.50 we find that the Legislature did not intend CPL 210.40 (1) to be invoked in a case like the present one *(see, Matter of Negro v Dickens,* 22 AD2d 406). The discretionary power to dismiss an indictment or a count of an indictment in the interest of justice is to be used sparingly *(People v McGraw,* 158 AD2d 719; *People v Foster,* 127 AD2d 684). Upon reviewing the record, we conclude that this case does not present one of those rare instances where dismissal in the interest of justice is warranted *(see, People v Foster, supra).* The charge which was dismissed, assault in the second degree, is a serious one *(see,* CPL 210.40 [1] [a]). In addition, the defendant's subsequent threats and harassment of the complainant's family clearly illustrate that the interest of public safety weighed heavily against dismissal (CPL 210.40 [1] [h]; *People v Viszokai,* 99 AD2d 519). The court's concern regarding the defen-

dant's limited mental capacity and doubts as to the strength of the People's case simply do not "clearly [demonstrate] that conviction or prosecution of the defendant * * * would constitute or result in injustice" (CPL 210.40 [1]; *People v Foster, supra).* Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.