■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OTILIO SERRANO, Respondent.—Appeal by the People from an order of the County Court, Orange County (Byrne, J.), dated June 22, 1989, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed, as a matter of discretion, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings.

A court's discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly *(see,* CPL 210.40 [1]; *People v McGraw,* 158 AD2d 719; *People v Naik,* 139 AD2d 535).* Such a determination must be predicated " 'upon a "sensitive balancing" of the interests of the individual and the State' " *(People v Naik, supra,* quoting from *People v Kwok Ming Chan,* 45 AD2d 613, 616; *People v Perez,* 156 AD2d 7).

Upon reviewing the record we conclude that the defendant has not demonstrated that his prosecution or conviction would constitute or result in injustice. Although the defendant served in excess of 2¼ years in various forms of pretrial confinement at the time the application for dismissal in the interest of justice was made and may seek a further competency hearing if the charges are reinstated, that, in and of itself, does not justify dismissal in this case *(see, People v Diggs,* 125 AD2d 189, 192; *People v Saunders,* 161 AD2d 611).

In view of the circumstances, particularly the serious nature of the crimes charged, which include kidnapping and possession of a loaded firearm *(see,* CPL 210.40 [1] [a]; *People v Saunders, supra; People v Viszokai,* 99 AD2d 519), the strong evidence of the defendant's guilt *(see,* CPL 210.40 [1] [c]), and the deleterious impact upon the public's confidence *(see,* CPL 210.40 [1] [g]), dismissal of the indictment is not warranted.

CPL 210.40 (1) (i), owing to the concerns for the sensibilities of crime victims, contemplates judicial consideration of the victim's attitude with respect to an application to dismiss the indictment in the interests of justice. CPL 210.40 (1) (i) was enacted as "a response to the legitimate cries of victims of criminal conduct" and "memorializes and mandates recognition from the judicial officer that a complainant * * * has a right, albeit statutorily circumscribed by the discretion of the judge, to have a say in an interest of justice dismissal" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 210.40, at 157; *see also,* Henderson, *The Wrongs of Victim's Rights,* 37 Stanford L Rev 937; Cardenas, *The Crime Victim in the Prosecutorial Process,* 9 Harv JL & Pub Poly 357; Comment, *Judicially Initiated Prosecution: A Means of Preventing Continuing Victimization in the Event of Prosecutorial Inaction,* 76 Cal L Rev 727). Here, the record reveals that no attempt was made to consult the victim about the application. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.