■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL BEBEE, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Posner, J.), dated September 7, 1988, which granted the defendant's motion to dismiss Queens County Indictment No. 2714/86 in the interest of justice to the extent of dismissing the first, second, third, fifth, and sixth counts of the indictment, charging the defendant with attempted assault in the first degree, attempted assault in the second degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree.

Ordered that the order is reversed, on the law, the motion is denied, the first, second, third, fifth and sixth counts of Queens County Indictment No. 2714/86 are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

It is well settled that the discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly *(see,* CPL 210.40 [1]; *People v Serrano,* 163 AD2d 497, 498; *People v Saunders,* 161 AD2d 611; *People v McGraw,* 158 AD2d 719, 720; *People v Ortiz,* 152 AD2d 755; *People v Foster,* 127 AD2d 684, 685; *see also, People v Rucker,* 144 AD2d 994; *People v Insignares,* 109 AD2d 221, 234; *People v Clayton,* 41 AD2d 204). Moreover, while the granting of relief pursuant to CPL 210.40 is committed to the sound discretion of the trial court, that discretion is not absolute *(see, People v Ortiz, supra,* at 755; *People v Rucker, supra,* at 994). In rendering its determination, the court must engage in a "sensitive balancing of the interests of the individual and the People" *(People v Rickert,* 58 NY2d 122, 127; *see also, People v Clayton, supra,* at 204). Upon reviewing the record, we conclude that this case does not present one of those rare instances where dismissal in the interest of justice is warranted *(see, People v Serrano, supra,* at 498; *People v Saunders, supra,* at 611; *People v Foster, supra,* at 685). The crimes with which the defendant was charged were clearly serious *(see,* CPL 210.40 [1] [a]; *People v Serrano, supra,* at 498; *People v Saunders, supra,* at 611; *People v Foster, supra,* at 685), and, because the crimes allegedly involved an air-powered pistol, the interest of public

safety weighed heavily against dismissal *(see,* CPL 210.40 [1] [h]; *People v Foster, supra,* at 685). Moreover, the defendant's history and character were far from exemplary inasmuch as he had been previously convicted of a felony *(see,* CPL 210.40 [1] [d]; *People v McGraw, supra,* at 720; *People v Foster, supra,* at 685). In view of these compelling factors, the trial court's doubts as to the strength of the People's case and the propriety of the actions of certain law enforcement personnel did not warrant the dismissal of the stated counts of the indictment *(see, People v Urcuiolio,* 77 AD2d 579). These considerations simply do not "clearly [demonstrate] that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (CPL 210.40 [1]; *People v Foster, supra,* at 685). Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.