■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK SCHAFFER, Respondent. [615 NYS2d 733] —Appeal by the People from an order of the County Court, Suffolk County (Corso, J.), dated May 25, 1993, which granted the defendant's motion to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40.

Ordered that the order is reversed, on the law and as a matter of discretion, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings.

The defendant was charged in the indictment with a felony. At a hearing on the issue of the defendant's competency to stand trial, the parties stipulated that he was an incapacitated person pursuant to CPL article 730, and the two examining psychiatrists testified that the defendant was unable to assist in his defense due to the brain damage he suffered as a result of a stroke in 1987. The court denied the People's request for an order of commitment and granted the defendant's motion pursuant to CPL 210.40 to dismiss the indictment. We now reverse.

Once the defendant was found to be an incapacitated person, the court was required to issue an order of commitment pursuant to CPL 730.50 (1) *(see, People v Saunders,* 161 AD2d 611; *Matter of New York City Human Resources Admin. v Carey,* 107 AD2d 625). We agree with the People that it was premature for the court to consider the defendant's motion pursuant to *Jackson v Indiana* (406 US 715) at this stage of the proceedings. Moreover, the Legislature did not intend CPL

210.40 to be invoked under these circumstances *(see, People v Saunders, supra; cf., People v Villanueva,* 139 Misc 2d 751). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.