THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THEODORE E. LORIA, Respondent. [626 NYS2d 941] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in dismissing the indictment against defendant after defense counsel orally moved, at the court's invitation, to

dismiss pursuant to CPL 210.40 (1). The court based the dismissal upon the fact that defendant had already served his sentence upon the count of the indictment that we had dismissed *(People v Loria,* 190 AD2d 1006) and that dismissal of the remaining count would further the interests of judicial economy.

When determining whether dismissal of an indictment under CPL 210.40 is proper, the court must engage in a "sensitive balancing of the interests of the individual and of the People" *(People v Rickert,* 58 NY2d 122, 127; *see, People v Bebee,* 175 AD2d 250, *lv denied* 78 NY2d 1126; *People v Clayton,* 41 AD2d 204, 208). Further, "[w]hile the question of whether to dismiss an indictment in the interest of justice is addressed to the discretion of the court, that discretion is not absolute * * * [citation omitted]. The trial court's discretion should be ' "exercised sparingly" ' and only in that ' "rare" ' and ' "unusual" ' case when it ' "cries out for fundamental justice beyond the confines of conventional considerations" ' " *(People v Rucker,* 144 AD2d 994, *lv denied* 73 NY2d 926).

The court's consideration of its congested court calendar as a basis for dismissal was inappropriate *(see, People v Djonbalic,* 87 AD2d 598). The remaining factor relied upon by the court, that defendant had already been penalized, is not sufficient to warrant dismissal. Further, the People were entitled to notice and an opportunity to present argument opposing dismissal *(see, People v Dolan,* 184 AD2d 892). The Criminal Procedure Law also requires, in addition to notice and a hearing, that the court examine and consider, "to the extent applicable", those factors set forth in CPL 210.40 (1) *(People v Clayton, supra,* at 207-208). The failure of the court to comply with those requirements provides an additional basis for reversal. (Appeal from Order of Monroe County Court, Maloy, J.—Dismiss Indictment.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.