■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MOHAMMED RAHMEN, Also Known as MOHAMMED RAHMAN, Respondent. [754 NYS2d 553] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Gerges, J.), dated March 2, 2001, as, after a posttrial hearing, granted that branch of the defendant's mo-

tion which was to dismiss the indictment in furtherance of justice pursuant to CPL 210.40 (1).

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, that branch of the motion which was to dismiss the indictment in furtherance of justice is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing by a different justice.

The defendant was charged, inter alia, with two counts of sexual abuse in the first degree and two counts of sexual abuse in the third degree. After a jury trial, he was acquitted of both counts of sexual abuse in the first degree, and found guilty of both counts of sexual abuse in the third degree. Prior to sentencing, he moved, inter alia, to dismiss the indictment in furtherance of justice pursuant to CPL 210.40 (1). The Supreme Court conducted a hearing pursuant to *People v Clayton* (41 AD2d 204), and dismissed the indictment. The People appeal.

The People's argument that the defendant's motion was untimely is preserved for appellate review, as the People expressly objected to the motion on that ground. Moreover, the Supreme Court should have summarily denied the defendant's motion pursuant to CPL 210.40 (1), as he failed to show good cause for making the motion more than 45 days after his arraignment (*see* CPL 210.20 [2]; 255.10, 255.20 [1]; *People v Sparer,* 293 AD2d 630; *People v Pittman,* 228 AD2d 225; *People v Longwood,* 116 AD2d 590, 591).

In any event, we are not persuaded that the interest of justice was served by the dismissal of the indictment in this case. The power to dismiss an indictment in furtherance of justice is to be exercised sparingly, in those cases where there is "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (CPL 210.40 [1]; *see People v Algarin,* 294 AD2d 589, 590; *People v Crespo,* 244 AD2d 563, 564). In this case, the Supreme Court improvidently exercised its discretion in substituting its own judgment concerning the credibility of the complainant and the culpability of the defendant for that of the jury (*cf. People v Hudson,* 217 AD2d 53). Accordingly, we reinstate the indictment, and remit the matter for sentencing. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.