■ In the Matter of Lawrence Lovell, Petitioner, v Budd G. Goodman, Respondent. [759 NYS2d 480] —CPLR article 78 petition in the nature of a writ of mandamus, dated February 19, 2003, unanimously granted, on the law, without costs, the order of Supreme Court, New York County (Budd Goodman, J.), entered on or about February 13, 2003, vacated, as being made in excess of jurisdiction, petitioner Lawrence Lovell declared incompetent to stand trial within the meaning of CPL 730.10, and respondent directed to commit petitioner to the custody of the New York State Commissioner of Mental Health pursuant to CPL 730.50 (1).

Petitioner stands indicted in an underlying criminal action for assault in the second degree, a felony, and related offenses. At the request of defense counsel, the Supreme Court ordered petitioner to be evaluated pursuant to CPL article 730. Two psychiatric examiners evaluated petitioner, and both opined that he is an incapacitated person. That finding is uncontested. A third court-appointed expert also examined petitioner and opined that there was a strong possibility petitioner's altered mental state resulted from organic illness. Instead of adjudicating him an incapacitated person and issuing a final order of observation or order of commitment pursuant to CPL 730.50 (1), the court directed that petitioner undergo neurological testing. While defense counsel initially did not oppose such tests, petitioner himself refused to submit to any medical procedures. Defense counsel requested an order committing petitioner to the custody of the Commissioner of Mental Health. The court ordered petitioner transferred and admitted to the Bellevue Hospital Prison to undergo a thorough medical and neurological evaluation, including "the drawing of blood, performance of CT/MRI scan of [petitioner's] brain * * *, and a

lumbar puncture." The court authorized the hospital staff to sedate petitioner over his objection in order to perform these tests. In addition, the court ordered that petitioner be tested and that one of the court-appointed experts consult with hospital staff about petitioner.

Petitioner now brings a proceeding pursuant to article 78 for a writ of mandamus and prohibition claiming Supreme Court exceeded its jurisdiction by ordering medical and neurological testing instead of issuing an order of commitment as mandated by CPL 730.50 (1). We agree and grant the petition.

Once petitioner was found to be an incapacitated person, the issuance of an order of commitment was not a discretionary act. Rather, the court was required to issue an order of commitment (*see* CPL 730.50; *Brusco v Braun,* 84 NY2d 674, 679 [1994]; *People v Schaffer,* 207 AD2d 421 [1994], *affd* 86 NY2d 460 [1995]; *Matter of New York City Human Resources Admin. v Carey,* 107 AD2d 625 [1985], *lv denied* 64 NY2d 611 [1985]). The statute is clear and unambiguous, leaving no room for construction or judicial interpretation (*see New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1, 6 [1957]; *Matter of Brusco v Braun,* 199 AD2d 27, 28 [1993], *affd* 84 NY2d 674 [1994]; McKinney's Cons Laws of NY, Book 1, Statutes § 76, § 94).

Respondent's contention that the proceeding must be dismissed because the District Attorney was not joined as a necessary party is without merit. The District Attorney was served with a copy of the notice of petition and petition, and the record reflects that the District Attorney was present at, or made aware of, court appearances during the underlying criminal action where the parties and the court addressed the issue of petitioner's capacity. Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.