(April 19, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BROWN, Appellant. [832 NYS2d 460]—Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered January 19, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

In April 2003, defendant was convicted of felony driving while intoxicated and he was subsequently sentenced to a five-year period of probation. As part of his probation, defendant agreed to participate in a drug court treatment program and to be sentenced to $1^1/_3$ to 4 years in prison if he violated the terms of his probation. In November 2005, he was charged with violating the terms of his probation after he was found to be in possession of drug paraphernalia and to have used alcohol and cocaine. In January 2006, he pleaded guilty to this charge and was resentenced on his original crime to $1^1/_3$ to 4 years in prison. Defendant appeals.

Initially, given that defendant is on parole, we do not agree with the People's contention that defendant's appeal is moot due to his October 12, 2006 release from prison (see People v Hastings, 24 AD3d 954, 956 n [2005]). Nevertheless, we find no merit to defendant's claim that the term of imprisonment imposed upon resentencing is harsh and excessive in view of his history of drug and alcohol-related offenses, his acknowledgment that the maximum sentence could be imposed for a probation violation and his admission to such violation. In sum, there are no extraordinary circumstances that exist which warrant a reduction of the sentence (see People v Murphy, 257 AD2d 766, 767 [1999], lv denied 93 NY2d 876 [1999]).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.