■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WOLFGANG SCHELLENBACH, Respondent. [888 NYS2d 153]—

Appeal by the People from an order of the County Court, Westchester County (Bellantoni, J.), entered April 30, 2008, which granted the defendant's motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.40.

Ordered that order is reversed, as a matter of discretion in the interest of justice, the defendant's motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.40 is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings on the indictment.

The power to dismiss an indictment in furtherance of justice is to be exercised sparingly, in those cases where there is "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment . . . would constitute or result in injustice" (CPL 210.40 [1]; *see People v Rahmen,* 302 AD2d 408, 409 [2003]; *People v Bebee,* 175 AD2d 250 [1991]). Here, the County Court improvidently exercised its discretion in granting the defendant's motion to dismiss the indictment, based principally upon its own assessment of the complainant's credibility, and its dissatisfaction with the prosecutor's handling of the plea negotiations, which conduct on the part of the prosecutor cannot be said to have risen to the level of "exceptionally serious misconduct" (CPL 210.40 [1] [e]). Particularly in light of the serious nature of the charges for which the defendant was indicted, this is "not one of those rare and unusual cases which cries out for justice beyond the confines of conventional considerations" (*People v Hudson,* 217 AD2d 53, 55 [1995] [internal quotation marks omitted]; *see People v Rahmen,* 302 AD2d at 409; *People v Bebee,* 175 AD2d at 251; *People v Serrano,* 163 AD2d 497, 498 [1990]).

In light of our determination, we need not reach the People's remaining contention. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.