Kavanagh, J.
Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered January 5, 2012, which granted defendant’s motion to dismiss the indictment.
In June 2011, defendant was charged by indictment with grand larceny in the third degree (one count) and falsifying business records in the first degree (16 counts), in connection with the receipt of $6,551.25 in unemployment benefits during a time when she was actually employed and earning income. After a nonjury trial was commenced, defendant moved for, and County Court subsequently granted, dismissal of the indictment in the interest of justice (see CPL 210.40). The People now appeal.
CPL 210.40 provides that a court may dismiss an indictment in the interest of justice when it determines, after taking into account certain factors, that “such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice” (CPL 210.40 [1]). Such a motion “shall be served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment” (CPL 255.20 [1]; see CPL 210.40 [1]). Further, CPL 255.20 (3) provides that a pretrial motion must be considered at any time before the end of a trial when “based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reason *1191 ably have been raised within the period specified in subdivision one of this section or included within the single set of motion papers as required by subdivision two. Any other pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits.”
Here, the People objected to the timing of the motion when it was first made during the trial, thus preserving this issue for appellate review. In her motion, defendant failed to show, no less allege, any justification for making this motion more than 45 days after her arraignment (see People v Rahmen, 302 AD2d 408, 409 [2003], lv dismissed 99 NY2d 657 [2003]). Therefore, the motion should have been denied.
Moreover, we cannot conclude that granting such a motion on the facts presented was an appropriate exercise of County Court’s discretion. An indictment should only be dismissed in the interest of justice where there is “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant. . . would constitute or result in injustice” (CPL 210.40 [1]; see People v Serkiz, 17 AD3d 28, 31 [2005]; People v Algarin, 294 AD2d 589, 590 [2002]; People v Crespo, 244 AD2d 563, 564 [1997], lv denied 91 NY2d 925 [1998]). The Court of Appeals has stated that, when deciding such a motion, “a court must strike a sensitive balance between the individual and the State interests to determine whether the ends of justice are served by dismissal of the indictment. Such a value judgment hinge[s] on the production of facts in the possession of the prosecution and the defendant. Based upon such proffered facts, the court must consider applicable factors under CPL 210.40 individually and collectively before concluding that dismissal of the indictment is in the interest of justice” (People v Jenkins, 11 NY3d 282, 287 [2008] [internal quotation marks and citations omitted]; see People v Rahmen, 302 AD2d at 409). In that regard, we note that County Court, even though it made reference in its decision to defendant’s background and character, did not hold a hearing and, thus, its decision on the motion “cannot be properly reviewed unless the record discloses the facts upon which the court’s judgment was based” (People v Clayton, 41 AD2d 204, 208 [1973]). There is nothing in the record before us that marks the prosecution of this defendant as extraordinary or one “which cries out for justice beyond the confines of conventional considerations” (People v Schellenbach, 67 AD3d 712, 713 [2009] [internal quotation marks and citation omitted], lv dismissed 14 NY3d 805 *1192 [2010]; see People v Candelaria, 50 AD3d 913, 914 [2008], lv denied 11 NY3d 735 [2008]). Therefore, we find that County Court improvidently exercised its discretion in granting the motion and dismissing the indictment (see People v Serkiz, 17 AD3d at 31; compare People v Marrow, 20 AD3d 682, 683 [2005]). Accordingly, we reinstate the indictment and remit the matter for further proceedings (see People v Rahmen, 302 AD2d at 409).
Rose, J.E, Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, motion denied, indictment reinstated, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision.