OPINION OF THE COURT
Matthew J. D’Emic, J.
The defendant stands indicted for criminal possession of a *580 controlled substance in the third degree. On January 31, 2013, she was examined pursuant to court order under CPL 730.30 (2) by two psychiatric examiners and found unfit to proceed to trial in that she “did not appear psychiatrically stable enough to form a working relationship with counsel, maintain proper courtroom demeanor or withstand the stress of trial.” As a result, the examining doctors recommend “continued mental health treatment as well as legal education in the interest of restoring her competency abilities.”
Both the District Attorney and defense counsel have received copies of the reports, neither side requests a hearing and both agree that the defendant is an incapacitated person (CPL 730.10 [1]), presently lacking a factual or rational understanding of her case and also presently lacking the ability to assist in her own defense.
Until recently, such a finding required the court to remand the defendant to jail until the New York State Office of Mental Health was able to transfer the incapacitated person to a hospital for treatment. Often this resulted in severe hardship for defendants of fragile emotional and physical constitution. Past attempts by courts to avoid commitment of the individual have been soundly rejected on appeal (Matter of Lovell v Goodman, 305 AD 2d 314 [2003]; People v Schaffer, 207 AD2d 421 [1994]).
However, by statute effective March 30, 2012, the legislature amended CPL 730.50 (1) to allow the court to commit the defendant to the custody of the Office of Mental Health, upon consent of the District Attorney, “for care and treatment on an out-patient basis.” In this case on motion by defense counsel, the District Attorney consents to outpatient treatment. The court agrees that this 54-year-old woman who has a long history of psychiatric illness and clearly brittle constitution is best suited to fitness restoration on an outpatient basis.
It is, therefore, ordered that the defendant, who as a result of mental disease lacks the capacity to understand the proceedings against her or to assist in her own defense, be adjudicated an incapacitated person and committed to the custody of the Commissioner of the Office of Mental Health for care and treatment on an outpatient basis for a period not to exceed one year from the date of this order and that when the person in charge of outpatient restoration determines that the defendant is no Ion *581 ger an incapacitated person, such person give notice in writing to this court and to the District Attorney.