People v Nobles (2019 NY Slip Op 06625)





People v Nobles


2019 NY Slip Op 06625


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-05403
 (Ind. No. 3672/17)

[*1]The People of the State of New York, respondent,
v
Christopher Nobles, appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for appellant.
Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), dated February 6, 2018, which granted the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in the furtherance of justice.
ORDERED that order is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in the furtherance of justice is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.
The power to dismiss an indictment in the furtherance of justice is to be exercised sparingly; it may be exercised only in those cases where there is "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment . . . would constitute or result in injustice" (CPL 210.40[1]; see People v Rahmen , 302 AD2d 408, 409; People v Bebee , 175 AD2d 250).
We disagree with the Supreme Court's determination to grant the defendant's motion to dismiss the indictment. When considering the factors set forth in CPL 210.40(1) and applying them to the instant case, the defendant's criminal history and the serious nature of the charges for which he was indicted demonstrate that this is "not one of those rare and unusual cases which cries out for justice beyond the confines of conventional considerations" (People v Hudson , 217 AD2d 53, 55 [alteration and internal quotation marks omitted]; see People v Rahmen , 302 AD2d at 409; People v Bebee , 175 AD2d at 251; People v Serrano , 163 AD2d 497, 498).
In light of our determination, we need not reach the People's remaining contention.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court