People v McCray (2020 NY Slip Op 03154)





People v McCray


2020 NY Slip Op 03154


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110486

[*1]The People of the State of New York, Respondent,
v
Rodney P. McCray, Appellant.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kathryn M. Moryl of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered March 3, 2016 in Essex County, which revoked defendant's probation and imposed a sentence of imprisonment.
In October 2015, defendant pleaded guilty to failure to register or verify as a sex offender, as a first offense, and offering a false instrument for filing in the second degree, and he was thereafter sentenced to concurrent probation terms of five years. In January 2016, defendant was charged with criminal contempt in the first degree, criminal obstruction of breathing or blood circulation and criminal trespass in the second degree based on allegations that he, under the influence of alcohol, entered a female victim's residence in violation of an existing restraining order and placed his hands around the victim's neck and applied pressure. Thereafter, the Essex County Department of Probation filed a probation information alleging that, in light of the aforementioned conduct and charges, defendant violated various conditions of his probation, and a declaration of delinquency was issued. In satisfaction of all the violations alleged in the probation information, and after being advised of his maximum sentencing exposure and acknowledging that no promises were being made as to sentencing, defendant admitted to willfully violating the condition of his probation that prohibited his alcohol use in satisfaction of all the violations alleged in the probation information. Supreme Court thereafter revoked defendant's probation and resentenced him to a prison term of 1&frac13; to 4 years for his failure to register conviction and a lesser concurrent jail term for his remaining conviction. Defendant appeals.
Defendant argues that he was deprived of his right to appeal — and, thus, his right to due process — by approximately 14 months of stenographic delays prior to him obtaining the complete record in this matter so as to perfect his appeal (see generally People v Cousart, 58 NY2d 62, 68 [1982]). He asserts that, because he has since been released from custody, and, thus, may no longer reasonably challenge the propriety of the resentence imposed — apparently the only issue taken with regard to the underlying proceedings — this Court should vacate, with prejudice, Supreme Court's finding that he violated his probation and dismiss the associated declaration of delinquency.
Despite the unfortunate appellate delay, defendant has failed to establish that it resulted in prejudice so as to warrant the summary remedy he seeks (see id.; Matter of Jermaine J., 6 AD3d 87, 93 [2004], lv denied 3 NY3d 606 [2004]); his sole argument regarding his resentence would have been equally unpersuasive had it been before us on any earlier date. Initially, the record fails to substantiate his assertion that he entered his admission with a sentencing assurance from the People, and Supreme Court expressly made no sentencing commitment to defendant. Contrary to defendant's belief, he was not entitled to sentencing leniency simply because he elected to admit to violating his probation. It was well within Supreme Court's discretion to impose the legal, albeit maximum, resentence it did here on defendant's top count (see Correction Law §§ 168-f [4]; 168-t; Penal Law § 70.00 [2] [e]; [3] [b]), and, as he identifies no other alleged abuse of discretion or extraordinary circumstance apart from being denied a "benefit" for admitting to the violation, he has failed to establish that a reduction of the resentence in the interest of justice would have been warranted had the claim been presented to this Court before it became moot (see People v Mastro, 174 AD3d 1232, 1233 [2019]; People v Morton, 173 AD3d 1445, 1446 [2019], lv denied 34 NY3d 935 [2019]; People v Rivers, 130 AD3d 1092, 1092 [2015]; People v Brown, 39 AD3d 1021, 1021 [2007]; see generally CPL 470.15 [3] [c]). Without some showing of how he has been prejudiced by this singular claim being rendered moot, we cannot conclude that defendant suffered a deprivation of due process by the delays alleged (see People v Cousart, 58 NY2d at 68-69; Matter of Jermaine J., 6 AD3d at 94; People v Beyor, 272 AD2d 929, 929 [2000], lv denied 95 NY2d 832 [2000]; People v Maddox, 272 AD2d 884, 885 [2000], lv denied 95 NY2d 867 [2000]; People v Moore, 100 AD2d 521, 521 [1984]).
Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.