People v Pfail (2020 NY Slip Op 03252)





People v Pfail


2020 NY Slip Op 03252


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-13510
 (Ind. No. 402/15)

[*1]The People of the State of New York, appellant,
v
Brian Pfail, respondent.


Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Hilda Mortensen of counsel), for appellant.
Frederick K. Brewington, Hempstead, NY (Jonathan I. Edelstein of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Nassau County (Terence P. Murphy, J.), entered October 17, 2018. The order, insofar as appealed from, without a hearing, granted that branch of the defendant's post-trial motion which was pursuant to CPL 210.40(1) to dismiss the count of the indictment charging criminal mischief in the third degree in the furtherance of justice.
ORDERED that the order is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was pursuant to CPL 210.40(1) to dismiss the count of the indictment charging criminal mischief in the third degree in the furtherance of justice is denied, that count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for sentencing.
The defendant was tried before a jury on charges of resisting arrest, four counts of assault in the second degree, and criminal mischief in the third degree. The jury acquitted the defendant of resisting arrest and one count of assault in the second degree and, in accordance with the Supreme Court's instructions, did not reach the remaining assault counts. However, the jury convicted the defendant of criminal mischief in the third degree. Prior to sentencing, the defendant moved, inter alia, pursuant to CPL 210.40(1) to dismiss the count of the indictment charging criminal mischief in the third degree in the furtherance of justice. By order entered October 17, 2018, the court, without a hearing, granted that branch of the defendant's motion. The People appeal.
The People argue on appeal, as they did in opposition to the defendant's motion, that the motion was untimely and therefore should have been denied on that basis. We agree. Under the circumstances, the Supreme Court should have denied the branch of the defendant's motion which was pursuant to CPL 210.40(1), as he failed to show good cause for seeking that relief more than 45 days after his arraignment (see CPL 210.20[1][i]; [2]; 210.40[1]; 255.20[1]; People v Rahmen, 302 AD2d 408, 409; People v Sparer, 293 AD2d 630; People v Pittman, 228 AD2d 225).
In any event, we are not persuaded that the interest of justice was served by the dismissal of the criminal mischief in the third degree count of the indictment in this case. "The power to dismiss an indictment in furtherance of justice is to be exercised sparingly, in those cases where there is some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment . . . would constitute or result in injustice'" (People v Rahmen, 302 AD2d at 409, quoting CPL 210.40[1]; People v Schellenbach, 67 AD3d 712, 713). In this case, the Supreme Court improvidently exercised its discretion in substituting its own judgment concerning the credibility of the trial witnesses and the culpability of the defendant for that of the jury (see People v Rahmen, 302 AD2d at 409; cf. People v Hudson, 217 AD2d 53). Additionally, "[t]here is nothing in the record before us that marks the prosecution of this defendant as extraordinary or one which cries out for justice beyond the confines of conventional considerations" (People v Banks, 100 AD3d 1190, 1191 [internal quotation marks omitted]). Accordingly, we reinstate the count of criminal mischief in the third degree, and remit the matter for sentencing.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court