People v Jackson (2025 NY Slip Op 03820)

People v Jackson

2025 NY Slip Op 03820

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-00652
 (Ind. No. 71166/22)

[*1]The People of the State of New York, appellant,
v
Henry Jackson, respondent.

Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for appellant.
Clare J. Degnan, White Plains, NY (Marquetta Christy of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the County Court, Westchester County (George E. Fufidio, J.), dated December 21, 2023. The order granted the defendant's motion pursuant to CPL 210.40(1) to dismiss the indictment in the furtherance of justice.
ORDERED that the order is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion pursuant to CPL 210.40(1) to dismiss the indictment in the furtherance of justice is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings on the indictment.
The defendant was indicted for the crimes of attempted rape in the first degree, attempted sexual abuse in the first degree, assault in the second degree, and unlawful imprisonment in the second degree. Thereafter, the defendant moved pursuant to CPL 210.40(1) to dismiss the indictment in the furtherance of justice. By order dated December 21, 2023, the County Court granted the defendant's motion. The People appeal.
"The power to dismiss an indictment in furtherance of justice is to be exercised sparingly, in those cases where there is 'some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment . . . would constitute or result in injustice'" (People v Rahmen, 302 AD2d 408, 409, quoting CPL 210.40 [1]; see People v Pfail, 184 AD3d 675, 676). In this case, the County Court improvidently exercised its discretion in substituting its own judgment concerning the strength of the People's case for that of the jury (see People v Pfail, 184 AD3d at 676; People v Rahmen, 302 AD2d at 409). Moreover, to the extent that the court believed that the defendant was not responsible for his conduct by reason of mental disease or defect, a pretrial motion pursuant to CPL 210.40 "is not the proper vehicle for the dismissal of an indictment" (People v Hudson, 217 AD2d 53, 56). Additionally, "[t]here is nothing in the record before us that marks the prosecution of this defendant as extraordinary or one which cries out for justice beyond the confines of conventional considerations" (People v Pfail, 184 AD3d at 676 [internal quotation marks omitted]; see People v Nobles, 175 AD3d 1433, 1434).
Accordingly, the County Court should have denied the defendant's motion pursuant to CPL 210.40(1) to dismiss the indictment in the furtherance of justice (see People v Pfail, 184 [*2]AD3d at 676; People v Nobles, 175 AD3d at 1434; People v Candelaria, 50 AD3d 913, 914).
In light of the foregoing, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court