Arnold L. Fein, J.
On May 27,1968, respondent was indicted on a 10-count indictment, including two attempted murder counts, six assault counts in varying degrees, and two lesser counts. He was admitted to Matteawan State Hospital on August 5, 1968, pursuant to an order of this court dated July 23,1968, made under section 662-b of the Code of Criminal Procedure. He remained at Matteawan until August 14,1973, when he was transferred to Dunlap-Manhattan State Hospital, where he is presently hospitalized pursuant to an order of retention for a period not to exceed two years made by Mr. Justice Gellinoff of this court on July 3, 1973, finding respondent incapacitated to stand trial but not dangerously incapacitated. (CPL 730.50.) Justice Gellinoff made his order subject to a hearing to be held on an adjourned date to determine whether the issues raised in Jackson v. Indiana (406 U. S. 715) were applicable.
On the hearing before me it was stipulated that: (1) respondent is incapacitated to stand trial; (2) he is unlikely to recover the capacity to stand trial in the foreseeable future; and (3) he is making no progress toward that goal. This stipulation was supported by the reports of the supervising psychiatrist and the *885 ward psychiatrist at the hospital. When last examined by the hospital psychiatrists on October 23, 1973, respondent’s condition was diagnosed as ‘ ‘ schizophrenia, paranoid type ’ ’. The hospital psychiatrists concluded that respondent is not presently assaultive, suicidal or dangerous.
It was reported that the supervising psychiatrist also stated that, because respondent is being held pursuant to article 730 of the CPL, his treatment is being impeded, but that if respondent is converted to civil status, the hospital might grant him pass privileges, and that although not suitable for release, respondent could attend outside activities with other patients on the ward which would assist his treatment and gradual recovery from mental illness.
The issue is whether it is a violation of the due process of law and a denial of the equal protection of the laws to fail to convert respondent to civil status pursuant to Jackson v. Indiana (406 U. S. 715).
The essence of Jackson is that “a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.” (Jackson v. Indiana, 406 U. S. 715, 738.)
Jackson does not fix the constitutionally permissible ‘ ‘ reasonable period ’ ’ within which the determination must be made. (McNeil v. Director, Patuxent Inst., 407 U. S. 245.) What is required is a factual determination after a hearing. (People ex rel. Lops v. Commissioner, 43 A D 2d 912.)
On the basis of the stipulation and the psychiatrists ’ reports, the court finds that: (1) respondent is incapable of standing trial; (2) there is no likelihood that he will attain that capacity in the foreseeable future; and (3) he is not making progress toward that goal. Respondent has been held in State mental hospitals for five and one-half years as an indicted defendant incapacitated to stand trial. Is over five years more than a *886 reasonable period within which to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future and whether he is making progress toward that goal?
Subdivision 3 of CPL 730.50 provides for periodic judicial review of the order of retention, at maximum intervals of two years to determine whether an indicted defendant, confined tov a mental hospital as an incapacitated person, remains incapacitated to stand trial. The statute fixes the maximum period of retention solely on the basis of incapacity to stand trial at two thirds of the authorized maximum term of imprisonment for the highest class felony charged in the indictment. Thereafter if confinement in a mental hospital is necessary, it may only be on the basis of a civil commitment.
Respondent has been indicted for the serious crimes of attempted murder and first and second degree assault. The District Attorney of New York County, by certificate dated September 29, 1971, certified that the maximum term of imprisonment for the highest class of felony charged in the indictment is 25 years and that two thirds of such maximum term is 16 years and 8 months.
Accordingly, pursuant to CPL 730.50, the maximum period respondent may be retained in his present status is 16 years and 8 months. As noted in People ex rel. Bernard Anonymous v. Waugh ,(76 Misc 2d 879), heard the same day and decided herewith, fixing the maximum period during which respondent may be retained solely on the basis of the maximum sentence for the crime with which he is charged does not meet the standards laid down in Jackson v. Indiana (406 U. S. 715). The Jackson test is not the seriousness of the crimes with which respondent is charged nor the length of the sentence which might be imposed if he were tried and found guilty.
Since the primary purpose of respondent’s confinement is the determination of his capacity to stand trial, Jackson {supra) requires that such confinement only be for the reasonable period of time necessary to determine the likelihood of his regaining such capacity within the foreseeable future and whether he has made progress towards recovery of such capacity. Irrespective of the nature of the crimes charged and the possible sentence which might be imposed, over five years is more than a “ reasonable period ’ ’ of time for the State to make such demonstration. (McNeil v. Director, Patuxent Inst., 407 U. S. 245, supra.)
*887 Respondent has no present capacity to stand trial and has no likelihood of attaining such capacity in the foreseeable future and is making no progress toward that goal. On this basis, and for the reasons set forth in People ex rel. Bernard Anonymous v. Waugh (76 Misc 2d 879), decided simultaneously herewith, it must be held that it would be a denial of due process and the equal protection of the laws to continue respondent’s commitment pursuant to the CPL.
Respondent does not contest his continued retention provided he is converted to civil status.
Accordingly, petitioner is directed to convert respondent to civil status pursuant to article 31 of the Mental Hygiene Law.
This decision does not affect the five and one-half-year old indictment against respondent. In the light of this disposition, counsel for respondent may, if so advised, move in the appropriate Criminal Part of this court for dismissal of the indictment. The clerk is directed to forward a copy of this decision to the District Attorney of New York County.
The foregoing is the decision and order of the court to be enforced as such. However, if a formal order of civil commitment is deemed necessary, an appropriate order may be settled on notice.