OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Were felony charges against a defendant who lacked the capacity to understand the proceedings against him or assist in his own defense properly dismissed in the furtherance of justice pursuant to CPL 210.40? Because New York’s criminal fitness-to-proceed statute (CPL art 730) limits the circumstances in which courts can dismiss indictments against defendants found incompetent to stand trial, we agree with the Appellate Division that an "interest of justice” dismissal was not authorized.
 

 In late May 1991, defendant’s 13-year-old granddaughter, who was born with cerebral palsy and functioned at a first- or second-grade level, told her parents that "Grandpa touched me in my privates.” At the time of this conversation, defendant and his wife had been living with his daughter, her husband and their four children. After further inquiry of the granddaughter, her parents and teachers, as well as a police investigation over the course of the next year, a felony complaint was filed in January 1992 followed by a two-count indictment handed down on April 8, 1992 charging defendant with the class D felony of sexual abuse in the first degree (Penal Law § 130.65). The indictment alleged that defendant subjected his granddaughter to sexual contact by touching her vagina during the hours between Christmas Eve and Christmas Day in 1988 and again in 1989.
 

 Defendant, who was then 72 years old and had suffered a stroke six years earlier, underwent two psychiatric examinations on January 27, 1992 and again on February 24, 1993 to determine his fitness to proceed (CPL 730.30, 730.20). The psychiatrists who jointly examined him on each occasion diagnosed defendant as suffering from an organic mental disorder known as "post stroke dementia” characterized by significant memory loss and a pronounced speech impediment.
 
 *463
 
 Though able to process and understand information presented to him, defendant was unable to respond by communicating or verbalizing his thoughts. As the trial court explained, "defendant faces the dilemma of being unable to assist in his defense although he understands the charges against him.” Noting some "mild improvement” in his expressive aphasia or ability to name objects at the second examination, the psychiatrists nevertheless concluded that given the nature of defendant’s brain dysfunction, "there appears little evidence that there will be a probability of substantial improvement.”
 

 As a result of this diagnosis, defendant filed a motion seeking, among other things, dismissal of the indictment in the furtherance of justice pursuant to CPL 210.40. Defendant alternatively sought a determination that, because he was unlikely to become competent in the foreseeable future, he must either be released from the custody of the Commissioner of Mental Health or civilly committed pursuant to Mental Hygiene Law article 9
 
 (see, Jackson v Indiana,
 
 406 US 715).
 

 Though conceding that defendant was not fit by reason of a mental disease or defect to proceed at that time, the People nevertheless opposed the motion, arguing that courts lack the authority as a matter of law to dismiss indictments pursuant to CPL 210.40 subsequent to a finding of incompetency. The People additionally contested the defendant’s evidence that there was no substantial probability he would attain the capacity to proceed in the future.
 

 At the conclusion of a three-day evidentiary hearing in April 1993 during which defendant, various family members and the two psychiatrists who had examined defendant testified
 
 (see People v Clayton,
 
 41 AD2d 204), the trial court, determining that it had the legal authority to do so, considered the specific statutory factors listed in CPL 210.40 and dismissed the indictment in the furtherance of justice. In light of the dismissal and defendant’s release from custody, the court made no finding as to whether defendant was entitled to relief under
 
 Jackson v Indiana (supra),
 
 simply noting "the poor prognosis that [defendant’s] memory loss and speech impediment will ever improve in the future.”
 

 The Appellate Division reversed, concluding that because defendant was found to be incapacitated, the trial court was required to issue an order committing him to the custody of the Commissioner of Mental Health and thus the remedy of dismissal of the indictment pursuant to CPL 210.40 was
 
 *464
 
 unavailable. Citing
 
 People v Saunders
 
 (161 AD2d 611), the court held that "the Legislature did not intend CPL 210.40 to be invoked under these circumstances.” (207 AD2d 421-422.) We agree.
 

 Because the issue presented relates solely to the scope of a trial court’s statutory authority to dispose of felony cases involving defendants found unfit to proceed to trial, we begin analysis with the pertinent statutory provision, CPL article 730 ("Mental Disease or Defect Excluding Fitness to Proceed”).
 

 If, at any time after arraignment and before imposition of sentence, a trial court suspects that a defendant may not be fit to proceed, the court must issue an order directing the defendant to undergo a psychiatric examination to determine whether he or she is an "incapacitated person” (CPL 730.30). An "incapacitated person,” according to the statute, is "a defendant who as a result of a mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense” (CPL 730.10 [1]). Once a defendant is found to be incapacitated, the court "must” issue an order committing the defendant to the custody of the Commissioner of Mental Health for a period either not to exceed 90 days (misdemeanors) or an initial period not to exceed one year, renewable for two-year periods thereafter (felonies)
 
 (see,
 
 CPL 730.50 [1]).
 

 Article 730 speaks of four situations in which an indictment against a defendant found to be incapacitated can be dismissed. Because the four situations were designed to balance the sensitive policy issues at stake, including the welfare of the mentally ill accused and concerns about public safety, we hold that CPL 210.40 — an altogether separate provision of the Criminal Procedure Law — is not available as an additional, fifth basis for dismissal. Allowing dismissals pursuant to CPL 210.40 in these circumstances would be incompatible with the careful, comprehensive scheme set out in article 730.
 

 The first instance where article 730 provides for the dismissal of an indictment is limited to defendants charged with nonfelony offenses. Once a court is satisfied that a defendant so charged is incapacitated, the statute requires dismissal of the indictment (CPL 730.50 [1]). Such dismissal "constitutes a bar to any further prosecution of the charge or charges contained in such indictment”
 
 (id.; see also,
 
 CPL 730.40 [2] [providing for dismissal of indictment for proceedings in local
 
 *465
 
 criminal courts]). Incapacitated defendants charged with misdemeanors are thus entitled to dismissal upon a finding of incompetency. Significantly, the statute fails to provide the same option for individuals charged with felonies, signalling the Legislature’s desire for greater restrictions against the release of persons accused of more serious crimes.
 

 The second type of dismissal provided for by article 730 occurs when a defendant who has not yet attained competency has been in the custody of the Commissioner for a period totalling two thirds of the maximum term of imprisonment for the highest class felony charged in the indictment. In such circumstances, the order committing the defendant "shall terminate for all purposes” and "the court must dismiss the indictment” (CPL 730.50 [4], [5]). Thus, a defendant cannot— based solely on incompetency — be held for a period longer than two thirds of the maximum sentence (in the absence of a subsequent civil commitment). This provision was added to the statute two years after a 1968 report decrying the fact that the New York statute then governing the commitment of mentally ill defendants "made it possible for an uneducated 19-year-old boy to have been accused of committing a burglary in Brooklyn in 1901 and * * * to have been confined beyond his 83rd birthday in a maximum-security institution” (Special Committee to Study Commitment Procedures and Law Relating to Incompetents, Association of Bar of the City of NY, Mental Illness, Due Process and the Criminal Defendant, at 72 [1968] [hereinafter Mental Illness and the Criminal Defendant]).
 

 Article 730 of the Criminal Procedure Law specifies yet a third situation where indictments may be dismissed in that it allows an incapacitated defendant in the custody of the Commissioner of Mental Health to "make any motion authorized by this chapter which is susceptible of fair determination without his personal participation” (CPL 730.60 [4]). CPL 730.60 (4), however, is plainly limited to purely legal motions such as challenges going to the sufficiency of the indictment or the jurisdiction of the court — proceedings where counsel presses legal positions to which the defendant has nothing of value to contribute
 
 (e.g., People v Williams,
 
 85 NY2d 945), not to motions to dismiss indictments pursuant to CPL 210.40.
 

 That CPL 730.60 (4) was intended to deal primarily with challenges to the sufficiency of indictments is evidenced in part by the last sentence of the section, which refers to
 
 *466
 
 instances where "the court enters an order dismissing the indictment
 
 and does not direct that the charge or charges be resubmitted to a grand jury ” (id.
 
 [emphasis added]). The 1968 report presaging the addition of this subdivision urged passage of a provision authorizing courts, while the defendant was still incompetent, "to entertain a well-founded motion by counsel challenging the sufficiency of the indictment” or "showing] that the statute of limitations has lapsed prior to the indictment” (Mental Illness and the Criminal Defendant, at 109).
 

 A hearing conducted pursuant to CPL 210.40 is not a circumstance where a defendant would have nothing of value to contribute. The "interest of justice” statute requires courts to "examine and consider” specific statutory factors such as the "evidence of guilt, whether admissible or inadmissible at trial” (CPL 210.40 [1] [c]) and the "history, character and condition of the defendant” (CPL 210.40 [1] [d]). It is worth noting in this regard that the defendant actually testified during the proceedings, thereby contributing to the court’s ultimate determination.
 

 The fourth and final reference to dismissal of indictments in article 730 is contained in CPL 730.60 (5), which provides that a court may, "upon motion of the defendant, and with the consent of the district attorney” dismiss the indictment if the "defendant is a resident * * * of another state or country and * * * will be removed thereto upon dismissal” or "the defendant has been continuously confined in the custody of the commissioner for a period of more than two years.” Significantly, in either situation, before granting a dismissal,
 

 "the court must be further satisfied that dismissal of the indictment is consistent with the ends of justice and that [continued] custody of the defendant by the commissioner * * * is not necessary for the protection of the public and that care and treatment can be effectively administered to the defendant without the necessity of such [commitment]” (CPL 730.60 [5]).
 

 A court dismissing an indictment under these circumstances must "set forth in the record the reasons for such action”
 
 (id.).
 

 Given the specificity of the procedures contained in the above provision, it is plain that CPL 730.60 (5) was intended by the Legislature to be the exclusive remedy for incompetent defendants seeking dismissal of the charges against them for reasons "consistent with the ends of justice”
 
 (see, People v
 
 
 *467
 

 Saunders,
 
 161 AD2d 611, 612,
 
 supra; Matter of Negro v Dickens,
 
 22 AD2d 406, 412). In fact, in its salient features, CPL 730.60 (5) resembles CPL 210.40.
 
 *
 
 Both statutes, for example, require the trial court to consider the "protection of the public”
 
 (compare,
 
 CPL 210.40 [1] [h]) as well as the "care and treatment” of the defendant
 
 (compare,
 
 CPL 210.40 [1] [d]), and both mandate that the court state its reasons for granting such a dismissal on the record
 
 (compare,
 
 CPL 210.40 [3]).
 

 Importantly, where an article 730 "consistent with the ends of justice” dismissal differs from an "interest of justice” dismissal under CPL 210.40 is the two additional requirements CPL 730.60 (5) imposes: that the defendant has already been in the custody of the Commissioner for two years, and that the District Attorney consent to the motion. This was one area where the Legislature declined to accept the recommendations of the 1968 Report
 
 (see,
 
 Mental Illness and the Criminal Defendant, at 120). In fact, a bill that would have eliminated the requirement of the District Attorney’s consent was recalled from the Governor after passage in 1957 as a result of concerns about public safety
 
 (see,
 
 1957 Legis Bulletin No. 108 [noting that proposed bill was "technically defective in that it gives the district attorney no standing to object to such dismissal” in cases involving defendants "who may be charged with the most serious crimes”];
 
 Matter of Negro v Dickens,
 
 22 AD2d, at 409).
 

 Our reading of the statute is further reinforced by the language of CPL 730.60 (6), amended significantly in 1980 and 1981, which requires the Commissioner to provide written notice to the District Attorney and the police, among others, prior to the discharge, release or even furlough of an incompetent defendant (CPL 730.60 [6] [a]). As explained in the Practice Commentaries, the purpose of this notice is to make "it more difficult for persons committed [under article 730] to be released or have a change in status” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.60, at 502;
 
 see also,
 
 CPL 730.60 [6] [c] [authorizing District Attorney to apply for continued retention of incompetent defendant found to be "a danger to himself or others” for six
 
 *468
 
 months after maximum allowable commitment period has expired]).
 

 Defendant, citing
 
 Jackson v Indiana
 
 (406 US 715,
 
 supra),
 
 argues that to the extent that the statutory scheme established in article 730 does not permit the granting of a CPL 210.40 dismissal to an accused charged with a felony who has been found incapacitated, such a dismissal is constitutionally mandated in the circumstances presented here where the prognosis for any significant improvement in defendant’s mental condition is poor.
 

 In
 
 Jackson,
 
 the Supreme Court held "that a person charged * * * with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future” (406 US, at 738). Reading — as we
 
 must
 
 — Jackson’s constitutional requirements into article 730, a defendant in this State adjudicated incompetent is entitled to be released or civilly committed pursuant to article 9 of the Mental Hygiene Law upon a finding that the defendant’s chances of achieving competency are "minimal” or "nonexistent” (406 US, at 727). To the extent the Appellate Division concluded that it was premature, at defendant’s initial CPL 730.30 competency hearing, for the court to consider defendant’s motion to be released under
 
 Jackson,
 
 that ruling was in error. The vindication of a permanently incompetent defendant’s constitutional rights under
 
 Jackson v Indiana
 
 cannot be compelled to await the statutory commitment periods provided for in article 730
 
 (see,
 
 CPL 730.50 [1]).
 

 However, a defendant who has been released as a result
 
 of Jackson
 
 is not automatically entitled to a dismissal of the charges. The granting of
 
 Jackson
 
 relief per se does not affect the pendency of the indictment
 
 (see, Jackson v Indiana,
 
 406 US, at 739-741). Indeed, courts of this State that have had occasion to release defendants under
 
 Jackson
 
 have declined to dismiss the pending charges as part of that relief
 
 (see, e.g., People ex rel. Anonymous v Waugh,
 
 76 Misc 2d 879, 882;
 
 People v Anonymous,
 
 76 Misc 2d 884, 886;
 
 People v Villanueva,
 
 139 Misc 2d 751, 758).
 

 Though an incompetent defendant who is unlikely to achieve competency in the future may have a constitutional right not to be held in custody based solely on the fact that a
 
 *469
 
 Grand Jury has issued an indictment, such defendant does not have a corollary right to dismissal of the charges given the public’s countervailing interest in the court’s continuing jurisdiction over the defendant to monitor the defendant’s condition and location.
 
 (See, e.g.,
 
 Lewin,
 
 Mental Illness and the Criminal Law,
 
 24 Syracuse Law Rev 75, 77 [1973] [noting that article 730 "stress(es) the need for treatment (of the defendant) (as well as) protection of the public as the criteria for long term commitment
 
 without dismissal of the charges”;
 
 emphasis added]; Bellacosa, 1981 Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.60, at 303 [noting that heart of 1980-1981 revisions to CPL 730.60 [6] was "preservation of judicial control over what happens to * * * incapacitated persons”]).
 

 Here, though evidence was introduced at the three-day hearing as to whether defendant’s mental condition satisfied
 
 Jackson v Indiana,
 
 the court’s dismissal of the indictment pursuant to CPL 210.40 made final determination of that issue unnecessary. Should the trial court determine that there is no substantial probability that defendant will attain the capacity to understand the proceedings against him or to assist his attorneys in the foreseeable future — an issue the People contest — the defendant will be entitled to either be released or civilly committed as set forth above. Finally, defendant’s remaining contention that a dismissal of the indictment is mandated by the provisions of the Americans with Disabilities Act (42 USC § 12101
 
 et seq.)
 
 lacks merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.
 

 *
 

 CPL 210.40, entitled "Motion to dismiss indictment; in furtherance of justice,” provides in pertinent part that: "An indictment * * * may be dismissed in furtherance of justice * * * even though there may be no basis for dismissal as a matter of law [because] of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.”