OPINION OF THE COURT
Levine, J.
Defendant was indicted for manslaughter in the first degree arising from the fatal stabbing of his father in April of 1981. He was found to be mentally incapacitated to stand trial after an examination under CPL article 730. On May 7, 1981, defendant was committed to the custody of the State Commissioner of Mental Health under an “order of commitment” (CPL 730.50 [1]) and placed in a secure psychiatric facility until such time as he regained competency to stand trial. Thereafter, on July *543 29, 1982, defendant’s involuntary commitment to the Commissioner was extended under an “order of retention” pursuant to CPL 730.50 (2).
On June 24, 1983, just over one month prior to the termination of the first retention order, defendant petitioned County Court for a writ of habeas corpus. By order dated October 31, 1983, defendant was converted from CPL article 730 criminal status to civil patient status under article 9 of the Mental Hygiene Law, in conformity with Jackson v Indiana (406 US 715). Thereafter, defendant remained continuously in the custody of the Commissioner of Mental Health pursuant to a civil order of commitment under the Mental Hygiene Law.
On August 11, 1998, defendant sought dismissal of the 17-year-old indictment pursuant to CPL 730.50 (3) and (4) on the ground that he had been in the custody of the Commissioner for more than two thirds of the maximum term of incarceration possible under the highest count of the indictment. The People opposed the motion, asserting that since defendant was converted to civil status pursuant to Jackson v Indiana after spending less than 21/2 years in the custody of the Commissioner pursuant to an article 730 order, he was not entitled to credit for the nearly 15 years he spent in civil commitment subsequent to obtaining Jackson relief. Supreme Court granted the motion, concluding that to deny dismissal of the indictment solely because defendant had been held in the custody of the Commissioner under a civil order rather than criminal order of commitment for most of the relevant period, would be to impose an additional penalty for the exercise of his constitutional right under Jackson. The Appellate Division affirmed. A Judge of this Court granted leave to appeal and we now reverse.
DISCUSSION
The sole issue properly before us is whether defendant has a statutory right to dismissal of the indictment under CPL 730.50 (3) and (4). Article 730 of the Criminal Procedure Law was enacted to respond to the due process prohibition against the criminal prosecution of a defendant who is not competent to stand trial (see, Medina v California, 505 US 437; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.10, at 442). It provides a procedure for assessing the mental capacity of criminal defendants to stand trial and for the commitment of those found incapacitated, until such time as they regain competency to understand the criminal proceedings against them and to assist in their defense (see, *544 Preiser, supra). In the event that an indicted defendant is deemed unfit to stand trial, a court must issue an order of commitment, remanding the accused to the custody of the Commissioner of Mental Health for care and treatment for a period of time not exceeding one year (see, CPL 730.50 [1]). If, as the initial order of commitment nears expiration, the defendant remains incapacitated, the court must issue an order of retention authorizing retained custody for a period of up to one year (see, CPL 730.50 [2]), and subsequent orders of retention which may extend the commitment for successive periods of up to two years (see, CPL 730.50 [3]).
CPL 730.50 (3) places a limitation on the period of time an incapacitated criminal defendant can be held in the custody of the Commissioner under all orders of commitment and retention. CPL 730.50 (3) provides that “the aggregate of the periods prescribed in the temporary order of commitment, the first order of retention and all subsequent orders of retention must not exceed two-thirds of the authorized maximum term of imprisonment for the highest class felony charged in the indictment.” After the expiration of the maximum authorized period of custodial retention under 730.50 (3), the criminal proceedings against the incapacitated defendant are terminated and the court must dismiss the indictment, constituting a “bar to any further prosecution of the charge or charges contained in such indictment” (CPL 730.50 [4]).
In cases involving a defendant who still requires institutional confinement and treatment after the termination of all criminal proceedings pursuant to CPL 730.50 (4), the superintendent of the facility in which the defendant is confined may keep the defendant for an additional 30 days and, upon the expiration of that period, may initiate civil commitment procedures under section 9.33 of the Mental Hygiene Law (see, CPL 730.70).
Subsequent to the enactment of the statutory cap on periods of commitment under CPL 730.50 (3) and (4), and permissible temporary detention thereafter under CPL 730.70 pending civil commitment, in Jackson v Indiana (406 US 715, supra), the Supreme Court placed an additional, constitutional limitation on retaining incompetent defendants under criminal detention orders. In Jackson, the Court held that “a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain
*545 that capacity in the foreseeable future” (id., at 738). Once it is determined that there is no substantial probability that the criminal defendant will ever attain capacity to stand trial, Jackson requires the State to “either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant” (id.). Thus, CPL article 730 and Jackson v Indiana provide alternative ways for a criminal defendant to be converted from criminal to civil status.
In 1995, this Court had occasion to consider the impact of the Jackson decision on New York criminal procedure regarding incompetent defendants (see, People v Schaffer, 86 NY2d 460). In Schaffer, the defendant was charged with a felony. At a hearing to determine his fitness to stand trial, the parties stipulated that brain damage from a stroke rendered him incapable of assisting in his defense (see, 207 AD2d 421). There was also psychiatric evidence that he would be unlikely ever to improve sufficiently to regain competency to stand trial. Based on that evidence, the Schaffer defendant moved in the alternative for a dismissal of the indictment in the interest of justice under CPL 210.40 or relief under Jackson v Indiana by way of either release from custody or civil commitment (see, People v Schaffer, supra, 86 NY2d, at 463). The trial court granted dismissal in the interest of justice.
In Schaffer, we affirmed the Appellate Division’s reversal of the dismissal of the indictment, agreeing that the trial court was required to commit the defendant pursuant to CPL article 730. We held that a defendant under that status was precluded from CPL 210.40 dismissal in the interest of justice and, thus, was relegated to the exclusive dismissal remedies enumerated in CPL article 730, noting that the four grounds for dismissal under article 730 were “designed to balance the sensitive policy issues at stake, including the welfare of the mentally ill accused and concerns about public safety” (People v Schaffer, supra, 86 NY2d, at 464). We rejected the defendant’s contention that Jackson v Indiana required automatic dismissal of the indictment under the circumstances, noting, however, that release or civil commitment under Jackson could be sought and obtained prior to the expiration of the maximum authorized commitment periods under article 730 (see, id., at 468).
Here, defendant has not been held under a criminal order of commitment since his conversion to civil status in 1983. Instead, having successfully obtained Jackson relief at that time, defendant has been held under civil orders for nearly all *546 of his period of commitment. And, as already discussed, in Schaffer we rejected the contention that Jackson relief automatically entitled a defendant to dismissal of the charges or in any other way affected the pendency of the indictment.
In the instant appeal, defendant’s sole statutory claim to dismissal pursuant to CPL article 730 is under the second situation described in Schaffer — that is, when a defendant is “in the custody of the commissioner” for “the aggregate of the periods prescribed in the temporary order of commitment, the first order of retention and all subsequent orders of retention [exceeding] two-thirds of the authorized maximum term of imprisonment for the highest class felony charged in the indictment” (CPL 730.50 [3] [emphasis supplied]; see, People v Schaffer, supra, 86 NY2d, at 465).
As quoted, the statute clearly provides that not every custodial retention of an indicted defendant by the Commissioner for two thirds of the authorized imprisonment is sufficient for dismissal. It is only custody for periods “prescribed” (emphasis supplied) in orders of commitment and retention that may be aggregated and counted in determining the defendant’s entitlement to dismissal of the indictment. Here, however, defendant was held under civil commitment orders pursuant to the Mental Hygiene Law. Accordingly, he is not entitled to the statutory benefit of CPL 730.50 (3) and (4) unless those provisions can be construed to include civil orders of commitment under the Mental Hygiene Law.
A fair reading of the language of section 730.50 (3) supports the contrary conclusion — that it concerns only criminal court orders issued under that article of the Criminal Procedure Law. CPL 730.50 (1) provides that when a “superior court” concludes that an accused is an “incapacitated person,” that court must issue an “order of commitment.” Section 730.50 (2) and (3) direct that the “first order of retention” and all “subsequent order [s] of retention” must be issued by the court that issued the initial order of commitment (CPL 730.50 [2], [3]). Thus, under the statutory scheme, only custodial periods under superior court orders qualify toward dismissal. Under the Criminal Procedure Law, “superior courts” represent a purely statutory category of State tribunals exercising criminal jurisdiction. CPL 10.10 (1) provides: “[t]he ‘criminal courts’ of this state are comprised of the superior courts and the local criminal courts” (emphasis supplied). Thus, whenever the phrase “superior court” is used in the Criminal Procedure Law, it refers to a court exercising criminal jurisdiction. Accordingly, *547 a court exercising civil jurisdiction to commit a mentally ill person under the Mental Hygiene Law would not be sitting as a superior court within the meaning of the CPL. Therefore, section 730.50 (3) can only refer to those orders of commitment and retention issued pursuant to CPL 730.50 (1), (2) and (3) by a superior court exercising criminal jurisdiction.
The relevant legislative history confirms this understanding of section 730.50 (3) (see, Mem of Commn on Revision of Penal Law and Criminal Code, 1970 NY Legis Ann, at 36, 45 [noting that the proposed law would provide that “a defendant may not be confined under a criminal order of commitment for more than two-thirds of the authorized period of imprisonment for the highest crime charged in the indictment”] [emphasis supplied]). Moreover, this is precisely the way in which these statutory provisions have been interpreted in the regulations concerning “Patients Committed to the Custody of the Commissioner Pursuant to CPL Article 730” promulgated by the Office of Mental Health, the administrative agency entrusted with the implementation of article 730 with respect to such commitments (see, 14 NYCRR 540.1 et seq.; 540.2 [n] [defining “order of commitment” as “an order issued by a superior court pursuant to section 730.50 (1) of the Criminal Procedure Law”]; 540.2 [o] [defining “order of retention” as “an order issued by a superior court pursuant to section 730.50 (2) or (3) of the Criminal Procedure Law”]).
Defendant claims that a more expansive interpretation of CPL 730.50 (3), to include those indicted defendants civilly committed under the Mental Hygiene Law, is necessary to obviate doubts as to the constitutionality of article 730 under the Equal Protection and Due Process Clauses of the Fourteenth Amendment and also to avoid invalidity under United States v Jackson (390 US 570), which proscribes the “impos[ition of] an impermissible burden upon the exercise of a constitutional right” (id., at 572). We disagree.
Defendant has not asserted any basis to require heightened scrutiny for purposes of equal protection analysis. Thus, the application of CPL 730.50 here is subject to a rational basis standard of review (see, Port Jefferson Health Care Facility v Wing, 94 NY2d 284, 289; Maresca v Cuomo, 64 NY2d 242, 250; Heller v Doe, 509 US 312, 319-320). A rational basis exists for treating those defendants transferred to civil commitment status differently from those who remain in custody under criminal orders of commitment. Only those incapacitated persons who are held under civil orders of commitment are *548 eligible for release once they no longer pose a danger to themselves or others (see, Mental Hygiene Law § 9.27 [a] [“any person alleged to be mentally ill and in need of involuntary care and treatment”]; § 9.01 [defining one “in need of involuntary care and treatment” as having a “mental illness for which care and treatment as a patient in a hospital is essential to such person’s welfare”]). Contrastingly, CPL 730.50 requires continued confinement under all circumstances for those lacking “capacity to understand the proceedings against him or to assist in his own defense” (CPL 730.10 [1]), even those who would otherwise be entitled to immediate release from civil commitment.
Defendant’s due process argument to support his broad construction of CPL 730.50 (3) is also unpersuasive. As we stated in People v Schaffer, “[t] hough an incompetent defendant who is unlikely to achieve competency in the future may have a constitutional right not to he held in custody based solely on the fact that a Grand Jury has issued an indictment, such defendant does not have a corollary right to dismissal of the charges given the public’s countervailing interest in the court’s continuing jurisdiction” (People v Schaffer, supra, 86 NY2d, at 468-469 [emphasis supplied]). Defendant’s reliance on Justice Harlan’s concurring opinion in Klopfer v North Carolina (386 US 213) is unavailing. In Klopfer, the Court was faced with a North Carolina statutory procedure giving the prosecution an untrammeled right to hold criminal charges in abeyance rather than proceed to trial. In Klopfer, there was no impediment to prosecuting the case by reason of the defendant’s incompetence to stand trial. The prosecution merely made a discretionary decision not to try the case but leave it open indefinitely. Indeed, the majority in Klopfer held that such a procedure violated the defendant’s Sixth and Fourteenth Amendment right to a speedy trial because there was no justification whatsoever for the delay (see, 386 US, at 222). In the present appeal, unlike in Klopfer, the People were statutorily barred from proceeding against this defendant because he was incapacitated to stand trial.
In any event, defendant here has not demonstrated or even contended that he is foreclosed from other means by which he may achieve his desired goal of having the indictment against him dismissed. As this appeal involves only the narrow question of whether one who has obtained Jackson relief is entitled to the benefit of the dismissal provisions of CPL 730.50 (3) and (4), this case is not the occasion for determining whether his *549 constitutional right to a speedy trial has been violated, or whether he has any other avenue or ground to obtain the relief sought here.*
Likewise, denying a defendant who has obtained Jackson relief the benefit of a CPL 730.50 dismissal of the indictment does not place an unwarranted and impermissible burden on the exercise of a constitutional right, in violation of United States v Jackson (390 US 570, supra; see, Matter of Hynes v Tomei, 92 NY2d 613). Here, rather than an impermissible burden on the exercise of his constitutional rights, defendant has only exchanged his right to automatic dismissal of the indictment against him — after criminal commitment under an order issued pursuant to CPL 730.50 for the requisite time period — for the benefits of civil commitment well before the expiration of that time period. As has earlier been pointed out, once he was converted to civil status, he was eligible for release under a less stringent standard, irrespective of any continued unfitness to stand trial. Incidental to the exercise of his rights under Jackson v Indiana, this defendant brought himself outside the four corners of CPL article 730 and, thus, was no longer entitled to avail himself of CPL 730.50’s dismissal provisions, a prospective benefit that existed before he invoked his rights under Jackson.
Accordingly, the order of the Appellate Division should be reversed and defendant’s motion to dismiss the indictment denied.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur.
Order reversed, etc.

 Also not properly before us is the issue of the applicability of CPL 210.40 under these circumstances. Although defendant, in a reply memorandum of law submitted to the motion court, alluded to the possibility of such a remedy once he had been converted to civil status and was no longer being held under a CPL 730.50 order, he did not make the requisite motion to dismiss under CPL 210.40 and neither court below actually addressed its applicability.