OPINION OF THE COURT
John M. Leventhal, J.
The defendant was indicted for various crimes allegedly perpetrated against his girlfriend. The top count remaining in the indictment was for class E nonviolent felonies, attempted assault in the second degree and criminal contempt in the first degree, carrying a maximum term of imprisonment of four *242 years. The defendant had been committed on numerous occasions to the custody of Mid-Hudson Forensic Psychiatric Center under a series of commitment orders for a total period in excess of 1,125 days.
The defendant had moved, sans opposition, to dismiss this indictment pursuant to CPL 730.50 (3) and (4) when the defendant was still under a commitment order. The court granted the motion and dismissed the indictment in a written order dated February 11, 2003 as the defendant had been in the custody of the Commissioner of Mental Health for a period of approximately three years which was in excess of “two-thirds of the authorized maximum term of imprisonment for the highest class felony charged in the indictment.” (CPL 710.50 [3].) The defendant is now being held under a civil commitment brought under article 9 of the Mental Hygiene Law (see, CPL 730.70).
¡. The issue of first impression before this court is whether the defendant’s records and the court file should be sealed pursuant to CPL 160.50.
An accused whose case was dismissed prior to trial or an acquittee has no constitutional right to have court records sealed. (See, Matter of Charles Q. v Constantine, 85 NY2d 571, 575 [1995]; People v Patterson, 78 NY2d 711, 715 [1991].) “The right to a sealing of court records is purely statutory.” (Matter of Anonymous, 174 Misc 2d 333, 336 [1997], citing Charles Q. and Patterson, supra.)
CPL 160.50 (3) enumerates when “a criminal action or proceeding against a person shall be considered terminated in favor of such person”* triggering the sealing of records.
*243 There is no provision in CPL 160.50 (3) authorizing the sealing of a court file and record of a person whose indictment was dismissed pursuant to CPL 730.50 (3) and (4). The court holds that a person whose indictment has been dismissed pursuant to CPL 730.50 (3) and (4) is not a person whose criminal actions have been terminated “favorably” under CPL 160.50 (3).
*244 One nisi prius court has held that an insanity acquittee has no statutory right to have his records sealed (see, People v Anonymous, 174 Misc 2d 333, supra). In the matter sub judice there has been no finding by a jury (or by way of a plea with the consent of the People) that the defendant is not responsible for the crimes charged by reason of mental disease or defect. (See, CPL 220.15, 330.20.)
One may say that the defendant has never been convicted nor found to have committed a crime for which he is not responsible. One may further argue that because there has been no finding as to this defendant, he is in a different and more advantageous position than an insanity acquittee in seeking the sealing of his records as his indictment has been dismissed.
This argument is flawed. Defendants under CPL article 730 status are “relegated to the exclusive dismissal remedies enumerated in CPL article 730.” (People v Lewis, 95 NY2d 539, 545 [2000] [CPL art 730 dismissal provisions are not applicable to a defendant whó has been civilly committed under the Mental Hygiene Law]; but see, Jackson v Indiana, 406 US 715 [1972] [release or civil commitment could be sought and obtained prior to the expiration of the maximum authorized commitment periods when there is a substantial probability that a defendant would be unlikely in the foreseeable future to improve sufficiently to regain competency to stand trial]; see also, People v Schaffer, 86 NY2d 460, 464 [1995].)
Thus, it is clear that a dismissal under CPL article 730 is not a criminal action or proceeding terminated in defendant’s favor as enumerated and contemplated by CPL 160.50 (3) mandating sealing (see also, People v Schleyer, 192 Misc 2d 113 [2002]).
Accordingly, the defendant’s court file and records shall not be sealed.

 “[A] criminal action or proceeding against a person shall be considered terminated in favor of such person where:
“(a) an order dismissing the entire accusatory instrument against such person pursuant to article four hundred seventy was entered; or
“(b) an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30, 170.50, 170.55, 170.56, 180.70, 210.20[,] 210.46 or 210.47 of this chapter was entered or deemed entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or “(c) a verdict of complete acquittal was made pursuant to section 330.10 of this chapter; or
“(d) a trial order of dismissal of the entire accusatory instrument against such person pursuant to section 290.10 or 360.40 of this chápter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
*243 “(e) an order setting aside a verdict pursuant to section 330.30 or 370.10 of this chapter was entered and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people and no new trial has been ordered; or
“(f) an order vacating a judgment pursuant to section 440.10 of this chapter was entered and the people have not appealed from such order of the determination of an appeal or appeals by the people from such order has been against the people, and no new trial has been ordered; or
“(g) an order of discharge pursuant to article seventy of the civil practice law and rules was entered on a ground which invalidates the conviction and the people have not appealed from such order or the determination of an appeal or appeals by the people from such order has been against the people; or
“(h) where all charges against such person are dismissed pursuant to section 190.75 of this chapter. In such event, the clerk of the court which empaneled the grand jury shall serve a certification of such disposition upon the division of criminal justice services and upon the appropriate police department or law enforcement agency which upon receipt thereof, shall comply with the provisions of paragraphs (a), (b), (c) and (d) of subdivision one of this section in the same manner as is required thereunder with respect to an order of a court entered pursuant to said subdivision one; or
“(i) prior to the filing of an accusatory instrument in a local criminal court against such person, the prosecutor elects not to prosecute such person. In such event, the prosecutor shall serve a certification of such disposition upon the division of criminal justice services and upon the appropriate police department or law enforcement agency which, upon receipt thereof, shall comply with the provisions of paragraphs (a), (b), (c) and (d) of subdivision one of this section in the same manner as is required thereunder with respect to an order of a court entered pursuant to said subdivision one.
“(j) following the arrest of such person, the arresting police agency, prior to the filing of an accusatory instrument in a local criminal court but subsequent to the forwarding of a copy of the fingerprints of such person to the division of criminal justice services, elects not to proceed further. In such event, the head of the arresting police agency shall serve a certification of such disposition upon the division of criminal justice services which, upon receipt thereof, shall comply with the provision of paragraphs (a), (b), (c) and (d) of subdivision one of this section in the same manner as is required thereunder with respect to an order of a court entered pursuant to said subdivision one.
“(k) (i) The accusatory instrument alleged a violation of article two hundred twenty or section 240.36 of the penal law, prior to the taking effect of article two hundred twenty-one of the penal law, or a violation of article two hundred twenty-one of the penal law; (ii) the sole controlled substance involved is marijuana; (iii) the conviction was only for a violation or violations; and (iv) at least three years have passed since the offense occurred.
“(1) An order dismissing an action pursuant to section 215.40 of this chapter was entered.