OPINION OF THE COURT
Matthew J. D’Emic, J.
*817 Statement of Facts
Defendant was indicted for assault in the first degree in 2003. On February 3, 2005, he was found unfit to proceed to trial pursuant to Criminal Procedure Law article 730 and criminally committed to Kirby Forensic Psychiatric Center, a secure facility. The New York State Office of Mental Health now petitions the court to convert defendant’s criminal commitment to civil confinement on the ground that, after three years of treatment, Mr. Miliokov’s prognosis for recovery is poor. The defendant opposes this motion, contending that conversion to civil status deprives him of a substantial liberty interest, and that the exercise of his due process and equal protection rights is personal to him alone.
Conclusions of Law
The petition of the Office of Mental Health is based on due process and equal protection considerations enunciated by the Supreme Court in Jackson v Indiana (406 US 715 [1972]). In essence, Jackson requires that if it is unlikely that a criminal defendant, incompetent to stand trial, will ever be restored to fitness, he must be released or transferred to the status of a civilly committed person.
In most cases, as in the Jackson case itself, the prisoner, anxious for the benefits of civil commitment, either makes the application for such a transfer or joins in the application by the state (see for example People v Arendes, 92 Misc 2d 372 [1977]; People v Anonymous, 76 Misc 2d 884 [1974]; People ex rel. Anonymous v Waugh, 76 Misc 2d 879 [1974]). Here, however, the defendant wants to remain criminally committed, citing People v Lewis (95 NY2d 539 [2000]) for the proposition that a substantial liberty interest is at stake.
In Lewis, the Court of Appeals held that a criminally committed inmate, transferred to civil status under Jackson, is no longer entitled to the benefit of Criminal Procedure Law § 730.50 (3). That section requires the dismissal of the indictment if the period of retention reaches two thirds of the maximum sentence for the top count, in this case 16 years and 8 months. It also acts as a bar to any further prosecution of the charges contained in such indictment.
Thus, if Mr. Miliokov’s status changes, his indictment will never be dismissed, and he is in a procedural limbo. If the state seeks to end his civil commitment, the criminal charges against him still stand, and the district attorney must agree to a dismissal of the charges against him if he is to be released. (See for example People v Schaffer, 86 NY2d 460 [1995]; Matter of Kes *818 selbrenner v Anonymous, 75 Misc 2d 289 [1973].) Absent such agreement the defendant must stand trial. If convicted, he would receive no credit toward his sentence for the time he was civilly confined. Clearly, this affects Mr. Miliokov’s liberty.
Although Mr. Miliokov is subject to civil commitment after confinement for the maximum statutory period, the due process and equal protection rights are his alone. A right that can be usurped is no right at all. Since the court finds his transfer to civil status involves a liberty interest as Jackson v Indiana (supra) is interpreted by People v Lewis (supra), it cannot be forced on him.
The petition is, therefore, dismissed.