OPINION OF THE COURT
Ira H. Margulis, J.
The defendant was indicted on January 24, 2012 for attempted murder in the second degree and other related offenses arising from an incident that occurred on January 10, 2012. On April 3, 2012, following an examination pursuant to CPL article 730, an order of commitment was issued for the defendant. The order was for a period not to exceed one year under indictment No. 116/12. On August 6, 2012 another order of commitment was issued for the defendant under indictment No. 1742/12 for a period not to exceed one year.
On September 20, 2013 this court issued an order of retention pursuant to an application made by Mid-Hudson Forensic Psychiatric Center. Mid-Hudson Forensic Psychiatric Center alleged that the defendant continued to be an incapacitated person. The defendant then waived his right to a hearing and he was transferred to the custody of the Commissioner of the Office for People with Developmental Disabilities (hereinafter OPWDD) and defendant was admitted to OPWDD’s Sunmount Developmental Center on October 3, 2013.
On November 22, 2013 the Queens County District Attorney’s Office was notified that Sunmount Developmental Center intended to grant escorted furloughs to the defendant on or about December 4, 2013 unless Sunmount received a court order enjoining them from doing so. The defendant was then permitted to go on escorted furloughs.
On October 3, 2014 Sunmount notified the Queens County District Attorney’s Office that they intended to transfer the defendant to a less secure facility unless they received a court order enjoining them from doing so. On November 7, 2014 this court issued an order of second retention for a period not to exceed five months. Once again the defendant waived his right to a hearing.
*733 On June 25, 2015 this court conducted a hearing upon an application for subsequent retention by OPWDD requesting an additional two years of retention. The defendant opposed the OPWDD’s application for the defendant to be released and to be found fit for trial. After the hearing, the court found that the defendant was unfit to proceed to trial.
After the hearing, the People asked this court to amend the order to include a provision that the defendant not be furloughed without seeking prior court approval. The People argued that the defendant was indicted for serious crimes and therefore the defendant should remain in the facility for the public’s safety and welfare. The OPWDD objected to this provision claiming that furloughs should only be addressed after the hospital or the State makes a request for furlough. Defendant also objected on the grounds that although the People are entitled to notice that the defendant may receive furloughs, the People are not entitled to a hearing on that issue because it would be a clinical determination as to whether or not a furlough should be permitted.
After the hearing, the court granted the People’s application and issued an order of subsequent retention prohibiting the Commissioner from affording furloughs to the defendant without prior court approval.
The defendant now asks this court to vacate the order of subsequent retention issued on June 25, 2015 contending that the District Attorney’s Office has no standing to request a hearing to challenge the provisions of furloughs pursuant to CPL 730.60 because the defendant is committed under an order of retention and not an order of commitment. Defendant further contends that even if the People do have standing to object to furloughs, their objection is time-barred because the People failed to object within three days of receipt of the Commissioner’s notice of intent to grant the defendant furloughs. For the following reasons the defendant’s motion to vacate the order of retention is denied.
Although the defendant contends that the District Attorney has no standing to challenge the provisions of furloughs because the defendant is committed under an order of retention and not an order of commitment, the court finds that the District Attorney does have standing to challenge whether or not a defendant should be granted furlough privileges pursuant to both case law and statute.
Criminal Procedure Law § 730.60 (6) provides that a defendant may not be granted furlough without written notice to the *734 district attorney’s office at least four days before the scheduled change. (See CPL 730.60 [6] [a].) Following the receipt of that notice, the district attorney may apply within three business days for a hearing to determine whether the defendant is a danger to himself or to others. If the court finds that the defendant is a danger to himself or others, the court must order retention of the defendant in his prior status. (CPL 730.60 [6] [c].)
The court finds the defendant’s literal reading of CPL 730.60 (6) (c) is misplaced and not the intended interpretation of the statute providing for furloughs. There is clearly no functional difference between committing and retaining a defendant. The order of commitment is simply the order which initially commits a defendant and an order of retention is the subsequent order issued which follows the initial order of commitment. (See CPL 730.50 [1], [2].) Simply stated an order of retention authorizes a defendant’s continued commitment but does not change his status in' any way. Therefore, there is no basis to find that the statute prohibits the People from requesting a hearing where a defendant continues to be committed pursuant to an order of retention.
CPL 730.60 (6) (a) (1) states that
“Notwithstanding any other provision of law, no person committed to the custody of the commissioner pursuant to this article, or continuously . . . retained in such custody, shall be discharged, released on condition or placed in any less secure facility or on any less restrictive status, including . . . furloughs and temporary passes, unless the commissioner . . . shall deliver written notice, at least four days ... in advance of the change of such . . . person’s facility or status [to] . . . [t]he district attorney of the county from which such person was committed.”
Subdivision (6), which was added in 1980, was intended to provide a public safety measure to impede the Commissioner’s sole authority to change or relax the confinement of defendants who are committed pursuant to CPL article 730 by granting temporary passes, vacations or furloughs without notice to the district attorney in the county of defendant’s commitment. (See Preiser, 2011 Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 730.60 at 374.)
While concededly CPL 730.60 (6) (c) does not specifically use the term “retention,” CPL 730.60 (6) (a) specifically provides *735 that notwithstanding any other provision of the law, no person committed to the Commissioner pursuant to this article or “continuously thereafter retained in such custody” shall be granted furlough unless the Commissioner delivers written notice to the district attorney. This court finds that if it were to hold that the literal interpretation urged by defendant be adopted, such a holding would ignore the clear legislative intent of the statute. Read as a whole, the statute clearly permits the People to apply for a hearing where the defendant continues to be committed pursuant to an order of retention as is the situation in the present case.
There is simply no basis in law for this court to draw a literal and significant distinction, as defendant argues, between those defendants that are committed or retained. An order of commitment is simply the initial order that commits the defendant, while an order of retention is a subsequently issued order of the court which follows or extends the initial order of commitment. (See CPL 730.50 [1], [2].) In other words, an order of retention merely authorizes a defendant’s continued commitment but does not change a defendant’s status in any way. Therefore, when an order of retention or an order of commitment is issued a defendant merely continues to be committed. Accordingly, the court finds that the People are entitled to request a hearing where a defendant is committed pursuant to an order of retention before a defendant may be granted furlough as they are when a defendant is committed pursuant to an order of commitment.
Not only does the language contained in CPL 730.60 give the district attorney standing to challenge whether or not a defendant should be granted furlough privileges, but also case law has reached the same conclusion. Specifically, the Court of Appeals has held that the issuing court can restrict defendant’s furlough privileges because of the court’s continuing jurisdiction over a committed defendant. (See People v Schaffer, 86 NY2d 460 [1995].) This ruling clearly gives this court the authority to modify the defendant’s furlough privileges.
In addition, shortly after this statute was amended, the court in People v Jones (114 Misc 2d 31 [Sup Ct, Queens County 1982]) held that these new provisions were designed to ensure the protection of the public from any future dangerous acts of individuals in the custody of the Commissioner of Mental Hygiene. In fact, the issue determined by the court in People v Jones was whether or not the People are entitled to a hearing *736 prior to any change in status of a person committed to the custody of the Commissioner of Mental Hygiene when notice of such change is given pursuant to statutory requirements. In concluding that the People are entitled to a hearing upon being notified of any change in status, the court in Jones reasoned that any portions of a statute which are ambiguous or lend themselves to a result not intended by the legislature should be viewed as a whole and should be interpreted with reference to the scheme of the entire section. (See People v Jones, 114 Misc 2d at 37, citing McKinney’s Cons Laws of NY, Book 1, Statutes § 97.) The court further noted that the legislature is presumed to have intended that good will result from its laws, and a bad result suggests a wrong interpretation. This court agrees.
The defendant’s motion to vacate is also denied because while not required to do so, this court granted and conducted a full hearing with the defendant present and represented by counsel. At this hearing, both the defendant and one of his treating physicians were offered an opportunity to and did in fact testify. Based upon their testimony and due to the serious nature of the charges in this case, after the hearing was conducted this court found that the defendant may present a danger to himself or to the community and ruled that if the defendant was to be granted furloughs it would require them to be upon prior court approval. The court finds no reason to disturb that finding.
Lastly, the defendant contends that even if the People do have standing, the District Attorney’s right to object to the defendant’s furloughs was time-barred since the People failed to object within three days of receiving the Commissioner’s notice of intent to grant the defendant furloughs. The court finds that the defendant waived this argument by failing to raise this objection prior to or during the hearing that was held on June 25, 2015. In any event this argument is without merit since this court issued an entirely new order of subsequent retention on the day of the hearing.
Therefore, for the reasons stated above the defendant’s motion to vacate this court’s order of subsequent retention dated June 25, 2015 is denied.